## COMMONWEALTH *vs.* FITCHBURG RAILROAD COMPANY.

### Middlesex. Jan. 14, 22. — May 6, 1876.

Where an indictment charges a single offence in several counts as committed in different ways, inconsistent with each other, a general verdict should be returned upon the whole indictment, as for a single offence, or a verdict of guilty upon the count proved, if either is proved, and not guilty upon all the others ; and it is a mistrial to allow the jury to return a verdict of guilty upon each count ; and, if such a verdict is rendered, the government is not entitled to enter a *nolle prosequi* as to all the counts but one, and retain the verdict as to that count.

The degree of negligence on the part of the servants of a railroad corporation, required to be proved on an indictment under the Gen. Sts. *c.* 63, § 98, is not changed by the St. of 1871, *c.* 352, and, on an indictment under the latter statute, if negligence of the servants of the corporation is relied on, gross negligence must be averred and proved.

If an indictment against a railroad corporation, under the Gen. Sts. *c.* 63, § 98, and the St. of 1871, *c.* 352, does not allege that the neglect on the part of the corporation to give the signals required by law contributed to the death of the person killed, evidence of such neglect is inadmissible.

INDICTMENT, in five counts, under the Gen. Sts. *c.* 63, § 98,* and the St. of 1871, *c.* 352,† to recover, for the use of the widow and children of Charles Keniston, a fine, by reason of the loss of his life, from being run over on May 7, 1874, by an engine

---

* Gen. Sts. *c.* 63, § 98 : "If by reason of the negligence or carelessness of a corporation, or of the unfitness or gross negligence or carelessness of its servants or agents while engaged in its business, the life of any person, being in the exercise of due diligence, and not being a passenger or in the employment of such corporation, is lost, the corporation shall be punished by a fine not exceeding five thousand nor less than five hundred dollars, to be recovered by indictment and paid to the executor or administrator for the use of the widow and children."

† St. 1871, *c.* 352, § 1: "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation, passing over a grade crossing of a public way or travelled place, such as is described in section one of chapter eighty-one of the acts of the year eighteen hundred and sixty-two, and it appears that the corporation neglected to give the signals required by said section, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment, as provided in the ninety-eighth section of the sixty-third chapter of the General Statutes, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful neg-

and train of cars of the defendant, at a place in Somerville where the defendant railroad crosses Park Street, so called, at grade.

The first count was as follows:

" The jurors for the Commonwealth of Massachusetts, on their oath, present that the Fitchburg Railroad Company, a corporation duly and legally established in this Commonwealth, and duly authorized and empowered to propel engines and cars, by the power of steam, along, over and upon the railroad hereinafter described, was on the seventh day of May, in the year of our Lord one thousand eight hundred and seventy-four, as it still is, the owner of a certain railroad leading and extending from Boston, in the county of Suffolk, in this Commonwealth, to and through the city of Somerville, in this said county of Middlesex, and further, and was then in full occupation, possession and use of said railroad, and was a common carrier, over, along and upon said railroad, of passengers and merchandise, and that said corporation, being such owner, and in such possession, use and occupation of said railroad, did on said seventh day of May, at Somerville aforesaid, by its servants and agents, they being there to direct it and being then and there engaged in the business of said corporation, and while said servants and agents then and there were legally engaged in the business of said corporation, run, propel and drive by the power of steam, a certain locomotive engine over, along and upon said railroad, and that by reason of the unfitness and gross negligence and carelessness of said servants and agents, while engaged in said business as aforesaid, said engine was then and there run, propelled and driven as aforesaid, rashly and without watch, care or foresight, and with

ligence or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

St. 1862, *c.* 81, § 1: " Every railroad corporation shall cause a bell, of at least thirty-five pounds in weight, and a steam whistle, to be placed on each locomotive engine passing upon its road; and such bell shall be rung or such whistle sounded at the distance of at least eighty rods from the place where the road crosses a turnpike, highway or townway, upon the same level therewith; and in like manner when the road crosses any travelled place, over which a sign-board is required to be maintained, as provided in section eighty-five of chapter sixty-three of the General Statutes; and such bell shall be rung ;r such whistle sounded, either one or the other, continuously or alternately, until the engine has crossed such turnpike, way or travelled place."

great, unusual, unreasonable and improper speed, and that the said engine then and there was, by reason of such unfitness and gross negligence and carelessness of said servants while engaged in the business of said corporation, as aforesaid, driven at, against and upon the body of one Charles Keniston, of said Somerville, he, said Keniston, being then and there in the exercise of due diligence, and not then being in or upon any car or vehicle of said corporation, and not then being a passenger of said corporation, and not then being in the employment of said corporation; and that said engine did then and there, while being driven as aforesaid by said agents and servants of said corporation, violently strike Charles Keniston, and did then and thereby inflict divers wounds, bruises and injuries in and upon the head, body and limbs of him said Keniston, of which said bruises, wounds and injuries said Keniston then and there instantly died. And so the jurors aforesaid, upon their oath aforesaid, do say that on said seventh day of May, in the year of our Lord one thousand eight hundred and seventy-four, by reason of the unfitness and gross negligence and carelessness of said servants and agents of said corporation while engaged in its business as aforesaid, the life of said Charles Keniston, he said Keniston not then and there being a passenger of said corporation nor in its employment, and then and there being in the exercise of due diligence, was lost, in the manner and form aforesaid, whereby said Fitchburg Railroad Company has become liable to a fine not exceeding five thousand dollars nor less than five hundred dollars, to be recovered by indictment and to be paid to the executor or administrator of said Charles Keniston, for the use of the widow and children of said Charles Keniston; and that Eliza Keniston, of said Somerville, widow of said Charles Keniston, has been duly appointed, and now is, the administratrix of the goods and estate of said Charles Keniston, and that said Charles Keniston had at the said time of his decease two lawfully begotten children, both of whom are now living. Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

The second count was as follows:

" And the jurors aforesaid, for the Commonwealth of Massachusetts, on their oath aforesaid, do further present that the

Fitchburg Railroad Company, a corporation duly and legally established in this Commonwealth, and duly authorized and empowered to propel engines and cars, by the power of steam, along over and upon the railroad hereinafter described, was on the seventh day of May, in the year of our Lord one thousand eight hundred and seventy-four, and still is, the owner of a certain railroad leading and extending from Boston, in the county of Suffolk, in this Commonwealth, to and through the city of Somerville, in this said county of Middlesex, and further, and was then in full occupation, possession and use of said railroad, and was a common carrrier over, along and upon said railroad, of passengers and merchandise, and that said railroad, in its line and course in and through said Somerville, then crossed and intersected, and now does, a certain public highway, called and commonly known as Park Street, at the same level with said highway, and that then and there said Charles Keniston, of said Somerville, was travelling upon, along and over said highway at the point whereat said railroad then and there crossed and intersected the said highway as aforesaid, and was in the lawful use and occupation of said highway and of said portion thereof where said railroad and said highway then and there crossed, and was then and there in the exercise of due diligence, and that said corporation did then and there, by its servants and agents, they being thereto directed and being then and there engaged in the business of said corporation, run, drive and propel, by the power of steam, a certain locomotive engine along, over and upon said railroad, and over, across and upon said highway at said point where said railroad then and there intersected said highway, and did, by reason of the unfitness and gross negligence and carelessness of its said servants and agents while being then and there engaged in the business of said corporation as aforesaid, then and there run, propel and drive said engine rashly, carelessly and negligently, and without watch, care or foresight, and at a great, unusual and improper speed, and did then and there, by reason of said unfitness and gross negligence and carelessness of said servants and agents while engaged in the business of said corporation as aforesaid, suddenly drive, run and propel said engine at, against and upon the body of said Charles Keniston, while the said Charles Keniston was travelling upon said highway as afore-

said, he being then and there in the exercise of due diligence, and not then and there being in or upon any vehicle of said corporation, and not being then a passenger of said corporation, and not being then and there in the employment of said corporation, and that said engine, being so driven as aforesaid, did, by reason of said unfitness and gross negligence and carelessness of said servants and agents, suddenly and violently strike him said Keniston, and did then and there and thereby inflict divers bruises, wounds and injuries in and upon the head, body and limbs of him said Keniston, of which said bruises, wounds and injuries he said Keniston then and there instantly died. And so the jurors aforesaid, upon their oath aforesaid, do say that on said seventh day of May, in the year of our Lord one thousand eight hundred and seventy-four, by reason of the unfitness and gross negligence and carelessness of said servants and agents of said corporation, while engaged in its business as aforesaid, the life of said Charles Keniston, he said Keniston not then and there being a passenger of said corporation, nor in its employment, and then and there being in the exercise of due diligence, was lost, in the manner and form aforesaid, whereby said Fitchburg Railroad Company has become liable to a fine not exceeding five thousand dollars nor less than five hundred dollars, to be recovered by indictment, and to be paid to the executor or administrator of said Charles Keniston, for the use of the widow and children of said Charles Keniston; and that Eliza Keniston, of said Somerville, widow of said Charles Keniston, has been duly appointed, and now is, the administratrix of the goods and estate of said Charles Keniston, and that said Charles Keniston had at the said time of his decease two lawfully begotten children, both of whom are now living. Against the peace of said Commonwealth, and contrary o the form of the statute in such case made and provided."

The third count was as follows :

"And the jurors aforesaid, for the Commonwealth of Massachusetts, on their oath aforesaid, do further present that the Fitchburg Railroad Company, a corporation duly and legally established in this Commonwealth, and duly authorized and empowered to propel engines and cars, by the power of steam, along, over and upon the railroad hereinafter described, was on the seventh day of May, in the year of our Lord one thousand eight

hundred and seventy-four, and still is, the owner of a certain railroad leading and extending from Boston, in the county of Suffolk, in this Commonwealth, to and through the city of Somerville, in this said county of Middlesex, and further, and was then in full occupation, possession and use of said railroad, and was a common carrier over, along and upon said railroad, of passengers and merchandise, and that said railroad, in its line and course in and through said Somerville, then crossed and intersected, as now it does, a certain public townway of said Somerville, frequented by and open to all the good citizens of this Commonwealth, called and commonly known as Park Street, at the same level with said town way; that said corporation was then and there bound and required by law to give warning of the approach and passage of every locomotive engine there passing upon said railroad, by either ringing a bell or sounding a whistle from or upon such engine, giving either one of said signals continuously, or the one or the other alternately without cessation, during the passage of each such engine, over the space of eighty rods in the course of such engine immediately preceding said intersection of said railroad and said town way; and that then and there one Charles Keniston, of said Somerville, was travelling over, along and upon said town way, being then and there seated in his carriage, and drawn by his horse, at and upon the point of said way whereat said railroad then crossed and coincided with the same, as aforesaid, at the same level therewith, as aforesaid, and was in the lawful use and occupation of said town way, and was not then and there grossly negligent, nor acting in violation of law; and that said corporation did then and there, by its servants and agents, they being thereto directed and being then and there engaged in the business of said corporation, and while being engaged in said business, drive and propel, by the power of steam, a certain locomotive engine, along, over and upon said railroad, from a point more than eighty rods distant from said town way, toward, upon, over and across said town way, at said point where said railroad and said town way then and there intersected as aforesaid, neither was the bell provided for said engine then and there rung continuously during the passage of said engine then and there over said space of eighty rods, in its course toward, and immediately preceding the said way, nor

was any whistle upon, from or connected with said engine, sounded continuously during said passage, nor was any continuous signal and warning given by said corporation or by any one, by either the ringing of such bell and the sounding of such whistle alternately without cessation of warning, and, in fact, no bell was then and there rung and no whistle was then and there sounded during said passage over said space of eighty rods; and that said Keniston being so lawfully travelling upon said way as aforesaid, and not being then and there apprised of the approach of said engine, — the said engine, being then and there so driven at a great and unusual speed, did then and there, by reason of said failure to give said warning as required by law, surprise and suddenly strike and collide with said Keniston, then and there being drawn and travelling as aforesaid, and did then and there inflict divers fatal bruises, wounds and injuries upon the head, body and limbs of said Keniston, whereof he, said Keniston, then and there instantly died. And so the jurors aforesaid, upon their oath aforesaid, do say that said Keniston, on the said seventh day of May, in the year of our Lord one thousand eight hundred and seventy-four, was fatally injured in his person and thereby lost his life by collision with the said engine of said corporation passing over the crossing of said way by said railroad, at the same level therewith, and that said corporation's neglect aforesaid to give the signals afore specified as required by law, contributed to said injuries and death, said Keniston not being at said time of said collision guilty of gross or wilful negligence, nor then acting in violation of law, nor contributing in any way, either by gross or wilful negligence or by any unlawful act, to such collision or injury, whereby said corporation has become liable to pay a fine not exceeding five thousand dollars nor less than five hundred dollars, to be recovered by indictment, and to be paid to the executor or administrator of said Charles Keniston, for the widow and children of said Charles Keniston; and that Eliza Keniston, of said Somerville, widow of said Charles Keniston, has been duly appointed, and now is, the administratrix of the goods and estate of said Charles Keniston, and that said Charles Keniston had at the said time of his decease two lawfully begotten children, both of whom are now living. Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, which, after stating that Keniston was killed at the time and place mentioned in the indictment by a locomotive engine of the defendant, and that there was evidence that the said engine was going at great and unusual speed, and that no bell or whistle was heard by those near the place of the accident, at the time the locomotive engine approached and passed the crossing, set forth the evidence on the question of due care on the part of the deceased, and the evidence on the question whether Park Street had been established as a public way, (which is omitted as immaterial to the points decided,) and proceeded as follows :

The judge instructed the jury that before they would be authorized to convict the defendant upon the first count, they must be convinced by the evidence beyond every reasonable doubt that Keniston, at the time he lost his life, was in the exercise of due diligence, and that his life was lost by reason of the gross carelessness and negligence of the servants of the defendant corporation ; that the indictment contained no charge of negligence or carelessness on the part of the corporation itself or of unfitness on the part of its servants, and that therefore the jury, before they could convict on the first count, must find that the gross carelessness or gross negligence of the servants of the corporation was the sole cause of the death of Keniston, and that his want of due diligence in no manner contributed to his death, that if they entertained a reasonable doubt as to the affirmative proof of either of these propositions they should return a verdict of not guilty upon the first count, and that the burden of proof in support of both of the foregoing propositions was upon the government.

In relation to the second and third counts, the jury were instructed that if they should be satisfied beyond a reasonable doubt, upon all the evidence, that the corporation did not give the signals required by the St. of 1862, *c.* 81, § 1, (all of which was fully explained to the jury,) and if they should in like manner be satisfied that the neglect on the part of the corporation to give said signals contributed to the loss of Keniston's life, they would be authorized to convict upon these two counts, unless they should also be satisfied by the evidence that, in addition to

a mere want of ordinary care, (which was explained,) Keniston, at the time of the collision, by which his life was lost, was guilty of gross or wilful negligence or was acting in violation of law, and that such gross or wilful negligence or unlawful act contributed to his loss of life.

The jury were directed to return their verdict on each count separately, which they did accordingly,. returning a verdict of guilty on each of the first three counts; and the defendant alleged exceptions.

The case was argued at the bar, and was afterwards submitted upon written arguments.

*G. A. Somerby & W. S. Stearns*, for the defendant.

*T. H. Sweetser & O. S. Knapp*, (*C. D. Adams* with them,) for the Commonwealth.

LORD, J. The indictment in this case contained five counts, and, as appears by the bill of exceptions, all for the same offence, although it is not alleged, as sometimes it is, that the various counts are different modes of charging the same offence. It has long been the practice in this Commonwealth to charge several misdemeanors in different counts of the same indictment, and to enter verdicts and judgments upon the several counts, in the same manner and with the same effect as if a separate indictment had been returned upon each charge. It has also been long established that the same offence may be charged, as committed by different means or in different modes, in various distinct counts of an indictment, and that a general verdict of guilty upon such indictment and judgment thereon is a conviction of but a single offence, and is deemed to be upon that count of the indictment to which the evidence is applicable.

The first count charges generally a killing of the person named therein within the city of Somerville, by reason of the gross negligence of the servants of the defendant in the management of a locomotive engine then in charge of said servants.

The second count charges the killing to have been by collision at the crossing at grade of a highway in Somerville, by reason of the same negligence.

The third count charges that the death was caused, either by the defendant's own neglect or the neglect of its servants, by collision at the crossing at grade of a town way in Somerville, and

that it was by reason of neglect of the servants and agents in charge to ring the bell or sound the whistle upon approaching said crossing as required by law.

It is not necessary to refer to the other counts, as there was a verdict of not guilty upon them.

The jury returned a verdict of guilty upon each of the first three counts. The court are all of opinion that this must be deemed to have been a mistrial. But one offence was charged, and the jury should have been instructed to return a general verdict of guilty or not guilty upon the whole indictment as for a single offence, which would have been in conformity with the long and well established practice in this Commonwealth; or they should have been instructed to return a verdict of guilty upon the count proved, if either was proved, and not guilty upon all the others. As the record now stands, the defendant corporation was charged with five distinct misdemeanors, of three of which it was found guilty, and of two of which it was found not guilty. The bill of exceptions, however, shows that but one offence was committed, and it is suggested that a *nolle prosequi* may be entered as to two of the counts and judgment upon the other. It is obvious that inasmuch as the several counts may be supported by different evidence, and as they are, at least to some extent, inconsistent with each other, it is impossible to determine which was proved, it being certain that all could not have been. The verdict must therefore be set aside.

Several questions were raised at the argument upon the sufficiency of the several counts of the indictment in the matter of form. In reference to the first count, whether it is sufficient in form, and, if not, whether the objection was open at the time of the trial, appear to the court, upon consideration, to be questions of much difficulty; and, as a new trial must be had upon other grounds, in the course of which these questions may not be material, no opinion is expressed upon it.

As to the third count, it does not allege gross negligence upon the part of the servants of the corporation, except by implication. It charges that the death of the party was caused by the neglect of the servants to ring the bell or sound the whistle; but it does not charge that such neglect was gross negligence on the part of the servants.

The learned judge who presided at the trial correctly instructed the jury that inasmuch as the first count of the indictment contained no charge of negligence on the part of the corporation, or of unfitness of its servants, that count could be sustained only by proof of gross negligence by its servants. Such gross negligence must be averred, if relied on. Mere neglect to ring the bell or sound the whistle may be the act either of the servant or of the corporation. If it be a corporate act, one done under the direction of the corporation, it is an act for which the corporation might be responsible under an indictment. If the third count is to be construed as alleging that the corporation directed that no bell should be rung or whistle sounded, it is not necessary to aver gross negligence, but any neglect is sufficient. If, however, it is to be construed as alleging only neglect of servants acting under the general authority of the corporation within the scope of their authority in the performance of their duty, then the act must be charged to be one of gross negligence of the servants. It is not perhaps entirely clear which is charged. The St. of 1871, c. 352, is not supposed by the court to intend to change the mode of charging the offence, so far as the acts of the defendant or its servants are concerned; whether or not it is necessary to change the form of pleading as to the conduct of the person killed, it is unnecessary to inquire.

In the second count, in which the collision is charged to have been at the intersection of a public highway with the defendant's railroad, there is no charge that the bell was not rung or the whistle sounded. The bill of exceptions reports an instruction given upon the second count which we think must have been admitted by inadvertence. The instruction was, that if the jury were satisfied that the neglect on the part of the corporation to give the signals required by the St. of 1862, c. 81, contributed to the death of Keniston, they would be authorized to find the defendant guilty upon the second and third counts, if the person killed was not in fault according to the meaning of the law. But the second count did not aver the neglect.

*Exceptions sustained.*