COMMONWEALTH *vs.* JOHN F. NICHOLS & another.

Bristol.    Oct. 24, 1882. — March 1, 1883.    C. ALLEN, COLBURN & HOLMES,
JJ., absent.

It is no bar to an indictment against A. and B., for conspiracy falsely to accuse
the wife of A. of adultery with B., that a divorce was granted to A. from his
said wife upon his libel for the cause of adultery with B., to which she set up
as a defence the charge of conspiracy contained in the indictment.

An indictment against A. and B. alleged that the defendants, intending to injure
the wife of A., and to deprive her of her good name and character, conspired
to entrap and ensnare her, and falsely to charge and accuse her of the crime of
adultery with B., with the intent to induce her, through fear of being publicly
charged with and prosecuted for said crime, to release, against her will, all
rights of property and support to which she was and would be entitled as A.'s
wife, including a release of all right of dower in A.'s real estate; and with the
intent to induce her, against her will, to surrender and release all claims under
a certain promissory note made by A. payable to a third person, and by the
latter indorsed to her, and held by her as her sole and separate property; and
with the intent that A. might wrongfully procure a divorce from her, against
her will, for the crime of adultery falsely charged; that, in pursuance of said
conspiracy, the defendants plotted that B. should lodge in the dwelling-house
occupied by A.'s wife as a residence, and should get in bed alone with her,
against her will, and should be found therein with her; and that B. did get in
bed alone with A.'s wife, against her will, and was found therein by A. *Held,*
that the indictment sufficiently alleged a conspiracy falsely to charge and ac-
cuse the wife of A. of adultery, and thereby to extort from her a release of
valuable rights, and to compel her to do acts against her will, and was good.

If one count of an indictment charges a conspiracy to commit the crime of extor-
tion by falsely accusing one of the crime of adultery, and another count charges
a conspiracy falsely to accuse one of the crime of adultery, if there is evidence
to sustain the former count, a general verdict of guilty will not be set aside,
although the latter count is insufficient.

INDICTMENT, as follows: "The jurors of the Commonwealth
of Massachusetts, on their oath present, that John F. Nichols, of
Fall River in the county of Bristol, and Almon Ingalls, of Mal-
den in the county of Middlesex, at Fall River in the county of
Bristol, on the thirtieth day of January in the year of our Lord
one thousand eight hundred and seventy-eight, wickedly and
maliciously devising and intending unjustly, fraudulently and
maliciously to deprive one Mary A. C. Nichols of her good name
and character, and to subject her without any just cause to
the punishment by law prescribed for the crime of adultery,
did then and there falsely, unlawfully, wickedly and maliciously

combine, conspire, confederate and agree together to entrap and ensnare the said Mary A. C. Nichols, and falsely to charge and accuse her of the crime of adultery with the said Almon Ingalls; and that the said John F. Nichols and Almon Ingalls, in pursuance of said agreement, conspiracy, combination and confederacy, did unlawfully plot, contrive and arrange among themselves, at said Fall River, on said thirtieth day of January in the year eighteen hundred and seventy-eight, that said Almon Ingalls should then and there be found by said John F. Nichols in bed alone with the said Mary A. C. Nichols in the night-time in her bed, she, the said Mary A. C. Nichols, being then and there a married woman, and the lawful wife of the said John F. Nichols; and in further pursuance of said agreement, conspiracy, combination and confederacy, the said Almon Ingalls was then and there found by the said John F. Nichols in bed alone with the said Mary A. C. Nichols in the night-time in her bed, she, the said Mary A. C. Nichols, being then and there a married woman, and the lawful wife of the said John F. Nichols: against the peace of the said Commonwealth, and contrary to the form of the statute in such case made and provided.

" And the jurors aforesaid, on their oath aforesaid, do further present that John F. Nichols, of Fall River in the county of Bristol, and Almon Ingalls, of Malden in the county of Middlesex, at Fall River in the county of Bristol, on the thirtieth day of January in the year eighteen hundred and seventy-eight, wickedly and maliciously devising and intending unjustly, fraudulently and maliciously to injure one Mary A. C. Nichols, and to deprive her of her good name and character, did then and there, amongst themselves, falsely, unlawfully, wickedly and maliciously combine, conspire, confederate and agree together, falsely, fraudulently and unlawfully to entrap and ensnare the said Mary A. C. Nichols, and falsely, fraudulently and unlawfully to charge and accuse her, the said Mary A. C. Nichols, of the crime of adultery with the said Almon Ingalls, the said Mary A. C. Nichols being then and there a married woman, and the lawful wife of the said John F. Nichols, with the intent then and there, thereby and by the means aforesaid, to induce her, the said Mary A. C. Nichols, through fear of being publicly charged with said crime of adultery, and prosecuted and

arrested therefor, to release, against her will, all rights of property and support to which she was and would be entitled as the wife of said John F. Nichols, including a release of all claim or right of dower in and to the real estate of the said John F. Nichols; and further, with the intent then and there to induce her, the said Mary A. C. Nichols, through the fear and by the means aforesaid, against her will to surrender, give up and release all claims under or upon a certain promissory note signed by the said John F. Nichols, whereby, for value received, he promised to pay the sum of three thousand dollars, on demand, to one Lafayette Nichols, or order, which note was indorsed by said Lafayette Nichols and delivered to her, the said Mary A. C. Nichols, and was then and there held and possessed by the said Mary A. C. Nichols as her sole and separate property; and further, with the intent then and there, by the means aforesaid, that the said John F. Nichols might unjustly and wrongfully procure a divorce from the bonds of matrimony between him and the said Mary A. C. Nichols, against her will, for the crime of adultery falsely and fraudulently charged. And the jurors aforesaid, on their oath aforesaid, do further present, that in pursuance of said agreement, conspiracy, combination and confederacy, the said John F. Nichols and Almon Ingalls did, at said Fall River, on said thirtieth day of January, plot, contrive and arrange among themselves that the said Almon Ingalls should lodge in the dwelling-house occupied by the said Mary A. C. Nichols as a residence at said Fall River, and that the said Almon Ingalls should then and there, unlawfully and against the will of the said Mary A. C. Nichols and without her consent, get in bed alone with her, and should be so found therein with her; and in further pursuance of said plotting, contriving and arranging amongst themselves, the said Almon Ingalls, on said thirtieth day of January, at said Fall River, in the night-time of said day, did, unlawfully, against the will of the said Mary A. C. Nichols, and without her consent, get into bed alone with her, the said Mary A. C. Nichols, therein, at the dwelling-house aforesaid, and was then and there found in bed alone with her therein by the said John F. Nichols: against the peace of the said Commonwealth, and contrary to the form of the statute in such case made and provided.

" And the jurors aforesaid, on their oath aforesaid, do further present, that John F. Nichols, of Fall River in the county of Bristol, and Almon Ingalls, of Malden in the county of Middlesex, at Fall River in the county of Bristol, on the thirtieth day of January in the year eighteen hundred and seventy-eight, wickedly devising and intending to injure and defraud one Mary A. C. Nichols, and to deprive her of her good name and character, and to subject her without any just cause to the punishment by law prescribed for the crime of adultery, did then and there, amongst themselves, falsely, unlawfully, wickedly and maliciously conspire, combine, confederate and agree together falsely and fraudulently to entrap and ensnare the said Mary A. C. Nichols, and falsely and fraudulently to charge and accuse her, the said Mary A. C. Nichols, of the crime of adultery with the said Almon Ingalls, she, the said Mary A. C. Nichols, being then and there a married woman, and the lawful wife of the said John F. Nichols : against the peace of the said Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court, the defendants filed a special plea to the indictment, alleging that the charge of conspiracy contained therein was fully heard and tried in a libel for divorce brought by the defendant Nichols against the said Mary A. C. Nichols for adultery with the defendant Ingalls, the said charge of conspiracy being set up as a defence by her; and that the court granted a divorce to the defendant Nichols. The government demurred to the plea. *Colburn*, J., sustained the demurrer, and overruled the plea; and the defendants excepted. The defendants then filed motions to quash the indictment, which were also overruled against the defendants' exception. The jury returned a verdict of guilty against both defendants; and they alleged exceptions.

*E. L. Barney*, for Nichols.

*H. E. Swasey*, for Ingalls.

*G. Marston*, Attorney General, for the Commonwealth.

W. ALLEN, J. The demurrer to the special plea in bar was properly sustained.

The second count is good. Rejecting all averments not traversable, it sufficiently alleges a conspiracy falsely to charge and

accuse Mary A. C. Nichols of adultery, and thereby to extort from her a release of valuable rights, and to compel her to do acts against her will. *Commonwealth* v. *O'Brien*, 12 Cush. 84. *Commonwealth* v. *Andrews*, 132 Mass. 263. The motion to quash the indictment was therefore properly overruled.

But the defendants contend that the first and third counts are bad, and should be quashed; and that a general verdict of guilty upon all the counts will not sustain a judgment upon the second count. The general rule is, that, upon a general verdict of guilty upon an indictment containing several counts for the same offence, judgment may be entered on any sufficient count. *Brown* v. *Commonwealth*, 8 Mass. 59. *Josslyn* v. *Commonwealth*, 6 Met. 236. *Commonwealth* v. *Hawkins*, 3 Gray, 463. *Commonwealth* v. *Howe*, 13 Gray, 26.

The real objection relied upon by the defendants is, that, although all the counts refer to the same acts, yet the offence set forth in the second count is not the same as that intended to be charged in the first and third counts, and that the verdict may have been rendered on those counts, and upon evidence which would not sustain a verdict upon the second count, and which did not prove any offence. The objection is equally fatal as applied to one count as to two, and it is unnecessary to inquire whether the first count is sufficient. If it differs, in legal construction, from the third, the difference is not material to the point under consideration. The third count alleges a conspiracy falsely and fraudulently to charge and accuse Mrs. Nichols of the crime of adultery. It contains no allegation of a conspiracy to prosecute her for the crime, or publicly to charge and accuse her, or to injure her in her good name or her property, or in any manner. The defendants contend that a combination privately to accuse a person of a crime, with no intention of injuring him, and no ulterior purpose, is not an indictable offence.

The materiality of this objection depends upon whether the two counts are for the same offence, in the sense that a general verdict could have been rendered upon proof of the third count. If they are not, if the offence charged, or intended to be charged, in the third count is such that proof of it would not sustain a general verdict, but the allegations of the second count

must have been proved before such a verdict could have been found, judgment can be rendered on the second count, although the third count is insufficient.

The third count charges a conspiracy to do an unlawful act, to accuse one falsely of crime; the second count charges a conspiracy to commit the crime of extortion, by falsely accusing one of crime. These are different offences, and the defendants could not have been convicted of the latter upon proof of the former only, nor without evidence not applicable to it. In *Commonwealth* v. *Andrews, ubi supra,* a count alleged a conspiracy to charge with adultery with intent to extort money, and the allegation of the purpose was insufficient. It was argued that that part could be rejected, and the first part stand as a sufficient charge of a conspiracy. The court said, "But this cannot be done; if it were, the defendants would be tried for a conspiracy for a different object from the one presented by the grand jury, that is, they would be tried for a different offence from the one charged."

In the case at bar, the general verdict included a verdict upon the second count, and could not have been found without proof of the purpose therein alleged. If the proof had been only of a conspiracy to accuse of crime, as charged in the third count, the defendants would have been acquitted on the second count. But there could not have been a conviction upon the second count without proof of all that was alleged, and that constituted the offence intended in the third count, and more; and, upon evidence sustaining the second count, a general verdict of guilty would have been the proper and usual form. It is analogous to the case of an indictment containing one count for breaking and entering with intent to steal, and a second count for larceny, where both counts are for the same act. There, upon proof of the larceny only, there must be a verdict upon each count; but upon proof of the breaking and entering and larceny, a general verdict is proper, and it is not vitiated by the fact that the second count is bad. *Crowley* v. *Commonwealth,* 11 Met. 575. See also *Commonwealth* v. *Nickerson,* 5 Allen, 518; *Commonwealth* v. *Fitchburg Railroad,* 120 Mass. 372; *Commonwealth* v. *Andrews, ubi supra; Commonwealth* v. *Boston & Maine Railroad,* 133 Mass. 383.

The only exceptions, except that to sustaining the demurrer to the special plea, are to the refusal of the court to quash the indictment. As one count of the indictment is sufficient, the whole ought not to have been quashed, even if the others were insufficient; but we have treated the motions as if to quash the different counts, and given the defendants all the advantage they would have had if the motions had been in that form. We do not decide whether the first and third counts are sufficient, because the verdict finds that the second count was proved, and that includes the two others. No question is before us as to the sufficiency of the evidence to sustain the verdict.                                   *Exceptions overruled.*