## COMMONWEALTH *vs.* JOHN E. FLAGG.

Worcester. Oct. 2. — 16, 1883. FIELD & W. ALLEN, JJ., absent.

It is an indictable offence at common law for one to counsel and solicit another to commit a felony, although the solicitation is of no effect, and the crime counselled is not in fact committed.

If an indictment in several counts alleges that they are different descriptions of the same act, and, at the trial, the evidence supports some of the counts and does not support the others, a general verdict of guilty may be rendered.

INDICTMENT as follows:

" The jurors for the Commonwealth aforesaid, on their oath present, that John E. Flagg of Royalston in said county, on the twenty-first day of May in the year eighteen hundred and eighty-three, at Royalston in said county, did wickedly, advisedly and corruptly solicit, urge and endeavor to procure one

Thomas Stafford feloniously, wilfully and maliciously to set fire to and burn a certain building, to wit, a barn of one Ellen H. Clark, there situate in said Royalston, by then and there wickedly, advisedly and corruptly offering to said Thomas Stafford a large sum of money, to wit, the sum of ten dollars, with intent of him, the said John E. Flagg, thereby then and there to procure him, the said Thomas Stafford, feloniously, wilfully and maliciously to set fire to and burn the said barn of Ellen H. Clark aforesaid.

" And the jurors aforesaid, on their oath aforesaid, do further present, that said John E. Flagg, of Royalston aforesaid, in the county aforesaid, on the twenty-first day of May in the year aforesaid, at Royalston aforesaid, in the county aforesaid, did wickedly, advisedly and corruptly solicit and incite one Thomas Stafford feloniously, wilfully and maliciously to set fire to and burn a certain building, to wit, a barn of one Ellen H. Clark, there situate in said Royalston, with intent of him, the said John E. Flagg, thereby to injure the said Ellen H. Clark.

" And the jurors aforesaid, on their oath aforesaid, do further present, that said John E. Flagg, of Royalston aforesaid, in the county aforesaid, on the twenty-first day of May in the year aforesaid, at Royalston aforesaid, did feloniously, wilfully and maliciously attempt to commit an offence prohibited by law, to wit, did then and there feloniously, wilfully and maliciously attempt to burn a certain barn of one Ellen H. Clark, there situate, that being an offence prohibited by law, and in such attempt did then and there give and deliver to one Thomas Stafford the sum of ten dollars, with intent of him, the said John E. Flagg, thereby then and there to induce and procure the said Thomas Stafford to burn the said barn of the said Ellen H. Clark, but the said John E. Flagg did then and there fail in the perpetration of said offence, so as aforesaid attempted to be perpetrated by him, against the peace of the Commonwealth, and contrary to the form of the statute in such cases made and provided.

" And the jurors aforesaid, on their oath aforesaid, do further present, that said John E. Flagg, of Royalston aforesaid, in the county aforesaid, on the twenty-first day of May in the year aforesaid, at Royalston aforesaid, did feloniously, wilfully and

maliciously attempt to commit an offence prohibited by law, to wit, did then and there feloniously, wilfully and maliciously attempt to hire and procure one Thomas Stafford to burn a certain barn of one Ellen H. Clark, there situate, that being a felony and an offence prohibited by law, and in such attempt did then and there pay and deliver to said Thomas Stafford the sum of ten dollars, with intent of him, the said John E. Flagg, thereby then and there to hire and procure the said Thomas Stafford to burn the said barn of the said Ellen H. Clark, but the said John E. Flagg did then and there fail in the perpetration of said offence, so as aforesaid attempted to be perpetrated by him, against the peace of the Commonwealth, and contrary to the form of the statute in such cases made and provided.

"The several counts of this indictment are different descriptions of the same act."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment, "because no one of the counts therein contained sufficiently sets forth an overt act towards the commission of the offence alleged to have been committed." *Barker*, J., overruled the motion; and the defendant excepted.

Thomas Stafford testified for the government that, on Sunday, May 13, 1883, he met the defendant, who said to him, " If you 'll burn Mrs. Clark's barn, I 'll be true to you as long as you live, and you shall not want, I 've got money enough," taking out and showing to the witness four $20 gold pieces; that the witness said, " Keep quiet;" that the defendant then told him to meet him on the following Thursday night; that they met that night, and the defendant said, " You burn Mrs. Clark's barn, and I 'll slip $50 into your fingers before Saturday night," and the witness said, " All right;" that on Sunday afternoon, May 20, they met again, and the defendant said to him, " You burn Mrs. Clark's barn as soon as possible and leave no black streaks behind you, and I 'll see you well paid;" that the witness asked him if he had any money with him, and the defendant said he had none; that on Monday afternoon following they met again, and the defendant said, " I 've been thinking you better wait till I go west, and then they can't swear it on to me;" that the witness asked him how he had better set it on fire; that the

defendant told him to do it as he pleased, but that there was a sliding door on the east end, and that he could touch a match to the hay; that the witness said, "You know what you said the other night;" that the defendant replied, "Yes, I shall have to let you have some money," and then paid him two $5 bills; that the defendant also had a $20 bill, and the witness asked for that, but the defendant said he couldn't spare it.

There was no evidence that the witness ever attempted to set fire to the barn in question. It was admitted that the Mrs. Clark referred to was Ellen H. Clark, and that she owned a barn in Royalston at the time referred to. There was other evidence for the government, corroborating the testimony of Stafford in particulars tending to connect the defendant with the crime, and material to the issue. There was also evidence of threats by the defendant against Mrs. Clark and her husband.

The government relied on the above testimony of Stafford, thus corroborated, to support the indictment. The defendant denied the statements of Stafford, so far as they concerned any conversation by him relating to the burning of Mrs. Clark's barn, or payment of money therefor.

The defendant asked the judge to rule that, upon the evidence, the jury would not be authorized to convict him upon either count of the indictment. The judge refused so to rule, and left the question to the jury, directing them not to return a verdict of guilty upon the third and fourth counts, unless they found that money was paid by the defendant to Stafford to induce him to fire the barn; but that if they found that money was paid by the defendant to induce Stafford to fire the barn, as contended by the government, to return a general verdict of guilty.

The jury returned a general verdict of guilty; and the questions of law arising upon the motion to dismiss and upon the request of the defendant for a ruling that the evidence would not warrant a conviction, being in the opinion of the judge so important and doubtful as to require the decision of this court, were reported, with the defendant's consent, for its determination. If the ruling was correct, and the conviction upon either count could be sustained on the evidence, the verdict was to stand; otherwise, a new trial to be granted.

*J. R. Thayer*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J.  It is an indictable offence at common law for one to counsel and solicit another to commit a felony or other aggravated offence, although the solicitation is of no effect, and the crime counselled is not in fact committed.  *Commonwealth* v. *Willard*, 22 Pick. 476.  *Rex* v. *Higgins*, 2 East, 5.  *Rex* v. *Phillips*, 6 East, 464.  *Regina* v. *Ransford*, 13 Cox C. C. 9. *State* v. *Avery*, 7 Conn. 266.  The first and second counts of the indictment in the case at bar allege with sufficient certainty that the defendant solicited one Thomas Stafford to burn the barn of one Ellen H. Clark, and set out an offence at common law.

The evidence clearly tended to support these counts, and therefore the court properly refused to quash the indictment, and also properly refused the defendant's request for an instruction that, upon the evidence, the jury would not be authorized to convict him upon either count of the indictment.

It is not necessary to consider whether the evidence at the trial proved the offences charged in the third and fourth counts of the indictment.  The jury were instructed that they could not convict upon them, unless they found that the defendant paid the money to Stafford to induce him to fire the barn. This supported and proved the first and second counts, and therefore a general verdict of guilty was properly rendered, as the indictment alleges that the different counts are different descriptions of the same act.  Upon such a verdict, a judgment is a conviction of but a single offence, and is deemed to be upon that count which is good, and to which the evidence is applicable.  *Commonwealth* v. *Fitchburg Railroad*, 120 Mass. 372.  *Commonwealth* v. *Boston & Maine Railroad*, 133 Mass. 383.  *Commonwealth* v. *Nichols*, 134 Mass. 531.

*Judgment on the verdict.*