### UNITED STATES v. LYMAN.

(District Court, D. Oregon. October 16, 1911.)

No. 5,414.

1. CRIMINAL LAW (§ 242*)—VENUE—REMOVAL OF ACCUSED.

On an application to remove a federal prisoner from one district to another, the court to which the application is made, while bound to examine the indictment when an objection is made thereto to ascertain whether a crime is charged, will not consider mere technical objections or objections that go only to matters of form.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 509, 510; Dec. Dig. § 242.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. CONSPIRACY (§ 25\*)—ELEMENTS OF OFFENSE.**

To constitute conspiracy against the United States, the object of the unlawful agreement must be the commission of some offense against the United States in the sense only that it must be some act made an offense by the laws of the United States.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 35; Dec. Dig. § 25.\*]

**3. CONSPIRACY (§ 43\*)—OFFENSE AGAINST UNITED STATES—CONSPIRACY TO AID IN ESCAPE.**

Since it is made an offense by federal statute for any person directly or indirectly to aid, abet, or assist another person to escape, and conspiracy to commit such an offense is a separate crime, an indictment, alleging that accused, together with other named persons, conspired to commit an offense against the United States, to wit, to aid, abet, and assist himself to escape from an officer, was not fatally defective on the theory that, inasmuch as there was no law making it an offense for a prisoner to escape or attempt to escape, he could not be guilty of aiding, abetting. or assisting himself to do so.

[Ed. Note.—For other cases. see Conspiracy, Dec. Dig. § 43.\*]

John Grant Lyman was indicted for conspiracy to aid, abet, and assist himself to escape from an officer. On petition for a warrant for removal as authorized by Rev. St. § 1014 (U. S. Comp. St. 1901, p. 716). Granted.

Walter H. Evans and Everett A. Johnson, Asst. U. S. Attys., for the Government.

Lionel R. Webster, for defendant.

BEAN, District Judge (orally). I am now prepared to pass upon the application heretofore made for an order for the removal of defendant, Lyman, from this jurisdiction to the Northern district of California, for trial under an indictment returned against him in that jurisdiction.

[1] In a matter of this kind, I understand it is the duty of the court to examine the indictment when objection is made to it, to ascertain whether a crime is charged therein. Mere technical objections, or objections that go to matters of form, will not be considered; nor do I think the court should examine an indictment as critically as it would if it were the court of primary jurisdiction. If there is a reasonable controversy about the question as to whether the facts stated constitute a crime, I take it that it is the duty of the court to which the indictment was returned to determine that question, and not the court in which the application is made for an order of removal.

Now, from this general viewpoint, we come to the question in this case. Under the federal statutes, conspiracy is a substantive offense. For the purpose of this case, it is an unlawful agreement of two or more persons to commit an offense against the United States. The defendant is charged in the indictment before me with a violation of this law. It is alleged that he, together with other named persons, conspired and confederated together to commit an offense against the United States, to wit, to aid, abet, and assist himself to escape from an officer.

---

[2] To constitute the crime of conspiracy, the object of the unlawful agreement must be the commission of some offense against the United States in the sense only that it must be some act made an offense by the laws of the United States.

[3] Now, it is made an offense by the statute for any person to directly or indirectly aid, abet, or assist another person to escape, so that, if two or more persons conspire and confederate together to commit such offense, they bring themselves within the provisions of the conspiracy statute. It is argued, however, that, because there is no law making it an offense for a prisoner to escape or attempt to escape, he could not be guilty of aiding, abetting, or assisting himself to do so, and therefore could not be a party to a conspiracy to accomplish that purpose. This argument is ingenious and plausible, but in my judgment it overlooks the substantial crime charged in the indictment. The defendant is not accused of aiding and abetting himself to escape, but with a conspiracy to accomplish that purpose, which of itself is an offense, and, although he could not be guilty of aiding and abetting himself to escape, he could be guilty of entering into an unlawful conspiracy with other persons to commit that offense. To aid and assist one to escape is made a crime by statute. Conspiracy to commit such an offense is a separate crime. Therefore, although a person to a conspiracy might not himself be able, either physically or legally, to commit the offense which it is charged the conspiracy was entered into to accomplish, yet he still might be guilty of the conspiracy itself, and that is what is charged in this case.

These are my views of this indictment and the law as I understand it at this time. The indictment is sufficient, so far as the objection urged is concerned, and order of removal should issue.