## UNITED STATES v. GALLEANNI et al.

### (District Court, D. Massachusetts. October 9, 1917.)

### No. 1268.

1. CONSPIRACY ☞33—TO DEFRAUD GOVERNMENT—NATURE OF OFFENSE—SELECTIVE DRAFT ACT.

Criminal Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1916, § 10201), declares that if two or more persons conspire either to commit an offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each shall be punished. Selective Draft Act May 18, 1917, § 5, requiring persons therein specified to register for selective draft for military service, makes it a misdemeanor for any person subject to registration willfully to fail or refuse to present himself. *Held* that, as the United States was entitled to have persons subject to registration perform their duty according to law, a conspiracy to prevent persons subject to registration from registering is a conspiracy to deprive the United States of a right to which it was entitled, and therefore to defraud it, within Criminal Code, § 37.

2. INDICTMENT AND INFORMATION ☞106—SUFFICIENCY—WRITINGS REFERRED TO.

An indictment alleging that in pursuance of a conspiracy to prevent registration, by counseling and inducing persons subject to registration under Selective Draft Act May 18, 1917, not to register, which alleged that defendant caused to be published in a newspaper a statement, a translation of which was attached to the indictment, is not defective because an exact copy of the statement was not incorporated therein.

3. CRIMINAL LAW ☞45—SOLICITATION.

As a failure to register pursuant to Selective Draft Act May 18, 1917, is a misdemeanor, and must be construed as an aggravated offense in view of the existing war, the solicitation and counseling of persons not to register is an indictable common-law offense, though the solicitation is of no effect and registration is not prevented.

4. CRIMINAL LAW ☞89—UNITED STATES COURTS—JURISDICTION—CONSPIRACY.

Under Criminal Code, § 37, declaring that if two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be punished, federal courts have jurisdiction of a prosecution for conspiracy to persuade the commission of what would be a crime at common law, but is not made criminal by any federal statute.

Louis Galleanni and others were indicted under Criminal Code, § 37, for a conspiracy to violate Selective Draft Act May 18, 1917, by inducing persons subject to registration not to register. On demurrer. Demurrer overruled.

The United States Attorney, for the United States.
Pettine & De Pasquale, of Providence, R. I., for defendants.

MORTON, District Judge. This is an indictment in three counts: The defendants have demurred to each. Many grounds of demurrer are assigned; but as to each count the substantial question is whether the facts therein alleged constitute a crime.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

245 F.—62

The first and third counts allege, in substance, that the defendants conspired to counsel, command, and induce large numbers of persons subject to registration under the act of May 18, 1917, not to register, and to procure such persons to commit the offense of willfully and unlawfully failing to register. In pursuance of the conspiracy, the defendants are alleged to have caused to be published, in a newspaper called "Cronaca Sovversiva," a certain statement (a translation of which is set out in the indictment) calculated to induce persons not to register. Neither of these counts charges that any person subject to registration failed to register because of the defendants' acts.

The second count charges a conspiracy to cheat and defraud the United States by counseling, commanding, and inducing a large number of persons subject to registration, etc., not to register, and alleges the publication of the same newspaper statement in pursuance of such conspiracy.

The act referred to (section 5) requires the persons therein specified to register in accordance with regulations to be prescribed by the President, and makes it a misdemeanor for any person subject to registration willfully to fail or refuse to present himself therefor. Criminal Code, § 37 (Comp. St. 1916, § 10201), provides as follows:

"If two or more persons conspire either to commit any offence against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both."

[1, 2] Discussing first the sufficiency of count 2: The United States was entitled to have persons subject to registration perform their duty and register according to law; and a conspiracy to prevent their doing so was a conspiracy to deprive the United States of a right to which it was entitled, and therefore to defraud it, within the meaning of section 37. Haas v. Henkel, 216 U. S. 462, 30 Sup. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; Curley v. United States, 130 Fed. 1, 64 C. C. A. 369. The failure to incorporate into the indictment an exact copy of the statement, the publication of which is alleged as an overt act done in pursuance of the conspiracy, is not a good ground of demurrer, either as to this or as to the other counts. United States v. Grunberg (C. C.) 131 Fed. 137 (C. C. 1st Cir.). This count properly charges a crime; and the demurrer to it must be overruled.

[3] As to counts 1 and 3: The object of the conspiracy described in each of these counts was the mere counseling and persuasion of persons subject to registration, not to register. If willful failure or refusal to register is to be regarded as an "aggravated offense"—and under the circumstances then surrounding the country, to which the court ought not to shut its eyes, I think it must be so regarded—what the defendants did was a common-law crime. "It is an indictable offense at common law for one to counsel and solicit another to commit a felony or other aggravated offense, although the solicitation is of no effect, and the crime counseled is not in fact committed." Morton, C. J., Commonwealth v. Flagg, 135 Mass. 545, 549; United States v. Lyles, 4 Cranch, C. C. 469, Fed. Cas. No. 15,646. But no statute of the United States makes such solicitation criminal.

[4] The question as to the counts under discussion, therefore, is whether a conspiracy to commit that which would be at common law an offense against the United States, but which is not alleged to be a fraud on the United States, and is not made a crime by any federal statute, is punishable under section 37, supra. This depends upon the meaning to be given to the words "any offense against the United States" in that section. In Re Coy (C. C.) 31 Fed. 794, the indictment charged, in substance, that 11 named defendants did conspire "to induce, aid, counsel, procure, and advise one Allen Hisey to unlawfully neglect * * * to perform a duty required and imposed by the laws of the state of Indiana relating to and affecting a certain election." It was held by Mr. Justice Harlan that the indictment set forth an offense of which the United States court had jurisdiction. His opinion was cited in full, with approval, by the Supreme Court in a footnote to In re Coy, 127 U. S. 731, 733, 8 Sup. Ct. 1263, 32 L. Ed. 274. The statute under which the Coy Case was decided (R. S. § 5440) is substantially the same as the present section 37 (Comp. St. 1916, § 10201).

Upon the point under discussion, I am unable to distinguish the indictment in the Coy Case from the one before me. The objections now urged do not appear to have been called to the attention of the court in that case, nor to have been considered by it; but the decision covers the present case. While there are expressions to the contrary (see Thomas v. United States, 156 Fed. 897, 84 C. C. A. 477, 17 L. R. A. [N. S.] 720; United States v. Lyman [D. C.] 190 Fed. 414), I deem it my duty to follow the Coy decision, and in accordance therewith to rule that counts 1 and 3 do sufficiently charge crimes against the United States.

Demurrer overruled as to each and every count in the indictment.