STATE, Appellant, v. HENGLEFELT, et al, Respondents
(33 N. W.2d 492.)

(File No. 8972.   Opinion filed August 2, 1948.)

**Sigurd Anderson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., and **Herman Bleeker,** State's Atty., of Alexandria, for Plaintiff and Appellant.

**Morgan & Fuller,** of Mitchell, and **Frank Vincent,** of Alexandria, for Defendants and Respondents.

HAYES, J.   The state appeals from an order of the trial court sustaining a demurrer to the second of three counts in an information filed against defendants, said count alleging that defendants "did then and there wilfully and unlawfully and feloniously commit the crime of conspiracy in that at said time and place the said Defendants, John Henglefelt and Gene Henglefelt, did conspire, confederate and agree together and with each other and with Ross Henglefelt and among themselves, to do and commit acts made a crime and offense against the State of South Dakota, that is to say:  to commit the crime of assault and battery upon the person of one, Allen Cummings, and that in pursuance of said unlawful conspiracy and to effect the object and purpose thereof, the said defendants and one or more of said conspirators did break open the outer door and

lock of the outer door and forcibly enter the dwelling of Allen Cummings and strike, beat and wound the said Allen Cummings, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of South Dakota."

The first and third counts charge burglary and riot. Having proceeded to trial upon the counts last mentioned defendants were acquitted of burglary but convicted of rioting.

Two questions are argued—first, whether the language quoted above charges the commission of a public offense under the criminal law of this state and, second, if in proceeding to trial upon the first and third counts of the information the state has waived its right to appeal from the order aforesaid. Although no motion to dismiss the appeal has been made we first pass upon the contention of defendants that the appeal on the part of the state presents a moot question or that right to appeal from the order or judgment sustaining defendants' demurrer has been waived by the state.

■■■■ Subdivision (1) of SDC 34.4101 authorizes an appeal by the state from a judgment for the defendant on a demurrer to the information. In State v. Spencer, 37 S. D. 219, 157 N. W. 662, this court held that an order such as was entered in the instant proceeding is a judgment within the meaning of said subsection. The information filed against defendants, as above observed, charges them with the commission of three separate offenses,—burglary, conspiracy and riot. It is not pointed out in respondents' brief just how the submission to a jury of evidence in support of the charges in counts one and three of the information would involve the question of law passed upon by the court. Assuming that count two sets forth allegations sufficient to constitute the crime of conspiracy, we fail to discern from the record any conduct on the part of the state tending to establish a waiver of its right of appeal. Conspiracy is a criminal offense altogether distinct from burglary, riot and other defined crimes. We conclude, therefore, that respondents' contention respecting a claimed waiver by the state is

unsupported and without merit. The reported cases, none of which appears to us to be much in point but dealing with the question of the state's waiver of its right to appeal, are cited in footnotes to 17 C. J., Criminal Law, § 3323, and 24 C. J. S., Criminal Law, § 1666.

With regard to the question whether count two of the information states a criminal offense it is affirmed by the state and denied by despondents that Ch. 45, Laws of 1941, embraces conspiracies other than those to commit offenses against the state government in the exercise of its sovereign authority and conspiracies to defraud the state or any of the other political subdivisions or bodies mentioned in said chapter. Respondents urge that under the provisions of the chapter referred to there can be no such crime as a conspiracy to commit larceny of private property or a conspiracy to commit assault and battery or some other criminal offense against a private citizen. The state takes the position that the language of said chapter 45 is such as to include all conspiracies to violate the criminal laws of the state. We find ourselves in general accord with this position.

We think that the state legislature by the enactment of the 1941 law of conspiracy, and the simultaneous repeal of SDC 13.0301 and 13.0302, sought and intended to adopt as the law of this state the definition of conspiracy as declared by 18 U. S. C. A. § 88, relating to conspiracies to commit offenses against or to defraud the United States. A quick comparison of the two enactments should be altogether sufficient to disclose ample reason for the belief we here state. With the exception of the bodies politic designated therein and the provisions relating to imprisonment for violations thereof, the language and phraseology of these two laws are identical. Such being the case we look to the decisions of the federal courts for a guide in determining the applicability of our law to the case before us. State v. Holter, 32 S. D. 43, 142 N. W. 657, 46 L. R. A., N. S., 376, Ann. Cas. 1916A, 193; Melby v. Anderson, 64 S. D. 249, 266 N. W. 135. Holdings of the federal courts clearly establish that the term "to commit any offense against the United

States" means and includes the doing of an act made a crime by the laws of the United States. In re Wolf, D. C., 27 F. 606, 611; Thomas v. United States, 8 Cir., 156 F. 897, 17 L. R. A., N. S., 720; United States v. Lyman, D. C., 190 F. 414; 15 C. J. S., Conspiracy, § 48. It appears manifest that under Ch. 45, Laws of 1941, it is an offense against the State of South Dakota to do that which is declared by the law of the state to be prohibited and criminal. They who commit an assault and battery upon one entitled to the protection of the laws of the state have violated not only the private right of the individual to be unmolested and unharmed but they have disregarded the rule of human conduct established by state law to secure the peace and dignity of the state and of its citizens. They are prosecuted at public expense for the commission of a public offense. We find no merit in the contention that conspiracy as defined by the 1941 enactment is restricted to the commission of such offenses as tend to interfere with or defeat the administration of state government or to defraud the state or other bodies politic named in the act. We hold, therefore, that if two or more persons conspire to commit an act which is declared by state law to be a crime such persons have conspired to commit an offense against the State of South Dakota. We are not here called upon to consider offenses which necessarily involve concert of action and therefore may not give rise to prosecutions for conspiracy. See 11 Am. Jur., Conspiracy, § 20 and authorities therein noted. The majority opinion in Pinkerton v. United States, 328 U. S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489, recognizes offenses excepted from the federal law.

■ The further point is sought to be made by respondents that in applying to an offense such as assault and battery the contention urged by the state under the conspiracy law a low crime or misdemeanor would thereby be elevated to felony grade. What we have stated above should be regarded as sufficient to dispose of this assertion. However, it is noted that the law of conspiracy now in force makes no distinction between grades or classes of crimes. Men who band together for the avowed purpose of violating the crimi-

nal law of the state and who thereafter proceed by some overt act to effectuate such purpose were doubtless regarded by the legislative body as possessing such elements of misconduct as would justify punishment within the range of penalties as provided by the law with due regard for the nature of the offense sought to be committed and the means employed to accomplish the unlawful undertaking. Authorities we have examined touching this point include those cited in support of the text in 15 C. J. S., Conspiracy, § 63, and State v. Buchanan, 5 Har. & J., Md., 317, 9 Am. Dec. 534; State v. Younger, 12 N. C. 357, 17 Am. Dec. 571; State v. Ripley, 31 Me. 386. The fair import of the law we have considered is to prohibit, and to provide punishment for, those who would join forces in an attempt to perpetrate a criminal offense. We conclude that the rules of construction stated in SDC 13.0101 support the position of the state and require a reversal of the order sustaining the demurrer to count two of the information.

The judgment is reversed.

All the Judges concurring.