# Ray *v.* The State.

*Indictment for Burglary.*

1. *Burglary; what constitutes burglarious entrance.*—Entering a store-house,
through an open window, is not a burglarious entrance; nor is the person so
entering guilty of burglary, because he removed the bar of the door while
within, and opened it to let in his accomplices, if none of them in fact
entered.

FROM the Circuit Court of Colbert.

Tried before the Hon. W. B. WOOD.

The indictment in this case charged that the defendant,
William Ray, "with intent to steal, broke into and entered
the store-house of William Warren," in which dry goods were
kept for use, deposit, and sale. Having pleaded not guilty,
issue was joined on that plea. On the trial, the defendant
reserved a bill of exceptions, in which the facts are thus
stated : "The State introduced James Warren and H. P.
Gibson as witnesses. Said Warren testified as follows : ' I
was a clerk in the store-house of William Warren during the
year 1880. On or about the night of August 15th, 1880, I
went into the store-house, and discovered that some one had
been in there ; and, upon looking around, I found William
Ray in the store. He had entered through an open window.
I left the window up. There was a door to my bed-room,
which was in the upper story, and one at the foot of the steps
opening into the store-room proper, where I found the said
William Ray. Both the doors to my room and at the foot of
the steps were open : it being very warm, I had left them
open. In the rear end of the store-room there is a door, fas-
tened by a bar across it. I found this bar down, but the door
was closed. This door opens out into the back yard of the
store.' Said witness stated also, on cross-examination, that
his uncle kept a key to the front door of the store-room ; that
he was generally at the store during the day on Sunday, and

that his uncle might have left the door unbarred. Gibson, the other witness, detailed the conversation had with the defendant after he had been imprisoned in the county jail, he being the jailor, and stated, that the defendant was brought to him, at the jail, by James Warren; that he asked the defendant, who is a little boy, about nine or ten years old, how he came to go into the store, and who told him to go into it; and that the defendant told him, 'he and two other little negroes had agreed to go into the store—he was to go in through the window, and get the things, and hand them to the others through the back door; that he went into the store through the open window, and opened the back door for the others; and that the others came up to the back door, but did not come in.' Witness further stated, that he found on the person of defendant, when brought to him at the jail, two pocket knives, some thread, and a box of some sort of powders. This was all the testimony in the case. The court thereupon charged the jury, that the entrance into the store through an open window was not burglary; but, if they believed, from the evidence, that the defendant entered the store through an open window, and, being in it, opened the back door by removing the bar, to let others, his confederates, into the store, then he was guilty of burglary, whether the others entered or not, and they must so find." This charge, to which the defendant excepted, is now assigned as error.

JAMES T. KIRK, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The Circuit Court rightly ruled, that the entry into the store-house, through the open window, did not constitute burglary. He erred, however, when he instructed the jury that, if the defendant was in the store-house, and opened the back door, by removing the bar, to let others, his confederates, into the store, whether the others entered or not, this would constitute burglary. This would not amount to a burglarious entrance by the defendant, for he entered without breaking. It was not a burglarious entrance by his confederates, of which offense he would be guilty with them, being present aiding and abetting, for they did not enter.—Clark's Manual, § 883; *Brown v. The State,* 55 Ala. 123; 3 Greenl. Ev. § 76; 2 Russ. on Crimes, 9th ed., 2; 2 Bish. Cr. Law, § 91. It may be he was guilty of larceny, and, possibly, of an attempt to commit burglary, in attempting to let his confederates in, by breaking the door.

Reversed and remanded. Let the prisoner remain in custody, until discharged by due course of law.