## CROCKETT *vs.* THE STATE OF GEORGIA.

An indictment for arson does not include the offence of malicious mischief, and although the indictment charged that the defendant wilfully and maliciously set fire to a dwelling-house, the defendant could not be found guilty of the offence of malicious mischief thereunder. Such a verdict having been found, a motion in arrest of judgment should have been sustained.

(*a*) Section 4627 of the code construed.

October 11, 1887.

Criminal law. Malicious mischief. Arson. Before Judge RICHARD H. CLARK. Fulton superior court. March term, 1887.

Reported in the decision.

R. J. JORDAN, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

SIMMONS, Justice.

Lucy Crockett was indicted by the grand jury of Fulton county for the offence of felony. The specification was: "that said Lucy Crockett, in the county aforesaid, on the 31st of January, in the year 1887, with force and arms, did wilfully and maliciously set fire to the dwelling-house of George Allen, said dwelling-house being in the city of Atlanta, contrary," etc.

Upon the trial of the case, the following verdict was returned by the jury: " We find the defendant guilty of malicious mischief." After the return of the verdict, she moved the court to arrest the judgment, on the ground, among others, that the defendant was indicted for the of-

fence of arson, and was not indicted for malicious mischief; that malicious mischief is not included in arson. The court denied the motion, and to this the defendant excepted and brings the case here and assigns error.

We think that the court erred in not granting the motion and arresting the judgment. The defendant was indicted for a specific crime, well-defined in the code, to-wit, setting fire to a dwelling-house in a city. She ought to have been convicted of this offence, or an attempt to commit it, or acquitted. That would have exhausted this indictment. The section of the code, 4627, that all other acts of wilful and malicious mischief in the injuring or destroying other property, not therein enumerated, shall be punished, does not, in our opinion, embrace any crime already defined in the penal code. It means simply that any other acts of a wilful and malicious nature, not provided for and not enumerated, shall be prosecuted, and a conviction had under this section. Not that where an act has been made a crime by another section, and contains elements of wilfulness and malice, the jury can acquit of that and convict of malicious mischief.

Judgment reversed.