COMMONWEALTH *vs.* JAMES LOWREY & another.

Suffolk. November 22, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Indictment — Breaking and Entering — Verdict — Inconsistent Counts.*

On an indictment for breaking and entering, it appeared in evidence that, in pursuance of a preconcerted scheme, A., making a pretence of a wish to purchase an article, got the night clerk at a shop to let him in at about midnight, and that, while the clerk was in the cellar getting the article, A. unbolted the door which had been rebolted behind him after his admission and let in B., who concealed himself and remained behind when A. left, and afterwards broke open the money-drawer. *Held*, that in order to convict B it was not necessary that he should have touched the door, if he procured himself to be let in by an accomplice and entered with felonious intent. *Held, also*, that A., the accomplice inside the house, was guilty of the same offence.

If, on an indictment for breaking and entering, there can be said to be any invitation

to enter a closed and bolted shop at midnight, the invitation does not extend to thieves when let in by accomplices.

If facts necessary to sustain verdicts of guilty upon two counts are inconsistent, and the jury render verdicts of guilty on both, the judge cannot direct a verdict of not guilty on the second and lighter charge, but the jury must further deliberate and decide between the two. But when facts necessary to sustain the verdict on the first count charging the higher offence are consistent with those necessary to sustain the other, even if they do not include them, the defendant suffers no wrong if a verdict of not guilty is directed on the later count after a verdict of guilty on the first.

INDICTMENT in three counts, charging the defendants, Lowrey and Johnson, in the first count, with breaking and entering a building and stealing therein; Lowrey, in the second count, with breaking and entering with intent to commit larceny, Johnson being an accessory before the fact; and Lowrey, in the third count, with stealing, Johnson being accessory before the fact. At the trial in the Superior Court, before *Fessenden*, J., the jury returned a verdict of guilty; and the defendants alleged exceptions. The facts appear in the opinion.

*P. J. Casey*, for the defendants.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

HOLMES, J. 1. The main question for us is whether there was any evidence of a criminal breaking and entering. The jury were warranted in finding that, in pursuance of a preconcerted scheme, the defendant Johnson, making a pretence of a wish to purchase an article, got the night clerk of the Theodore Metcalf Company to let him into the company's shop at about midnight; that while the night clerk was in the cellar getting the article, Johnson unbolted the door which had been rebolted behind him after his admission, and let in the defendant Lowrey, who concealed himself and remained behind when Johnson left, and afterwards broke open the drawer, etc. The court seems to have required the jury to find that Lowrey opened the door as a condition to their finding him guilty.

It was not necessary that Lowrey should have touched the door if he procured himself to be let in by an accomplice and entered with felonious intent. He might have been convicted, even if the hand which he made use of was innocent, as in case of a servant or constable. *Le Mott's case*, J. Kel. 42. *Farre & Chadwick's case*, J. Kel. 43. *Cassy & Cotter's case*, J. Kel.

62. *Hawkins's case*, 2 East P. C. 485. *Rolland* v. *Commonwealth*, 82 Penn. St. 306, 323. *Johnston* v. *Commonwealth*, 85 Penn. St. 54, 64. *State* v. *Rowe*, 98 N. C. 629. *State* v. *Johnson*, Phil. (N. C.) 186. *Nicholls* v. *State*, 68 Wis. 416, 421, 422. *Clarke* v. *Commonwealth*, 25 Grat. 908, 913. The accomplice inside the house is guilty of the same offence. *Cornwall's case*, 2 Strange, 881; 1 Hale, P. C. 553; 4 Bl. Com. 227. *Rex* v. *Jordan*, 7 C. & P. 432. *Cooper* v. *State*, 69 Ga. 761. *Ray* v. *State*, 66 Ala. 281, 282. *Breese* v. *State*, 12 Ohio St. 146.

The argument for the defendants assumes that the door was not even latched, and speaks of the defendants as having been invited into the shop. In fact, the door would seem to have been bolted, and if there can be said to be any invitation to enter a closed and bolted shop at midnight, the invitation does not extend to thieves when let in by their accomplices.

2. The jury were instructed, if they found the defendants guilty of breaking and entering on the first count, to find a verdict of not guilty on the third count, which charged Lowrey with larceny in a building, and Johnson with inciting the commission of that offence. They also were instructed to find a verdict for the defendants on the second count. No exception was taken to these instructions. The jury rendered a verdict of guilty on the first count, not guilty on the second, and the foreman, being then inquired of concerning the third count, answered, " Guilty "; whereupon the judge reminded the jury of his former instructions, and directed them to find a verdict for the defendants on the third count, which thereupon they did, and the defendants excepted to the direction.

We see nothing of which the defendants could complain. If the facts necessary to sustain the verdict of guilty on one count were inconsistent with a verdict of guilty on the other, further deliberation would have been necessary in order that the jury might decide between the two, as intimated in *Commonwealth* v. *Haskins*, 128 Mass. 60, 61, 62, and the judge could not have cut the knot by directing a verdict of not guilty upon either. See *Tobin* v. *People*, 104 Ill. 565; *Richards* v. *Commonwealth*, 81 Va. 110. But the facts necessary to sustain the verdict on the first count, charging the higher offence, were all consistent with those charged in the third count, even if not

necessarily including them. Therefore the defendants suffered no wrong in being acquitted on the third count. See *Commonwealth* v. *Fitchburg Railroad*, 120 Mass. 372, 381; *Commonwealth* v. *Boston & Maine Railroad*, 133 Mass. 383, 391; *Commonwealth* v. *Nichols*, 134 Mass. 531, 536; *Hawker* v. *People*, 75 N. Y. 487.

*Exceptions overruled.*