## CURETON *v.* THE STATE.

1. A sale of intoxicating liquors is made "within the limits of this State," as contemplated by the act approved August 6th, 1907 (Acts 1907, p. 81), which prohibits the sale of intoxicating liquors in Georgia, when made in the manner following, to wit: The seller had an office in the State of Tennessee, at which place he received orders for intoxicating liquors, accompanied by the purchase-price, from purchasers in the States of Alabama and Tennessee. The seller communicated the orders to his agent at Rising Fawn, Georgia, where he had on storage liquors such as were ordered, and upon direction from his principal the agent filled the orders and delivered the liquors to the express company, being a common carrier, at its office at Rising Fawn, Georgia, consigned to the purchasers at points in Alabama and Tennessee.

2. The act above referred to, in so far as it prohibits the sales of intoxicating liquors within the limits of this State, is a valid exercise of the police power of the State, and is not violative of the interstate-commerce clause of the constitution of the United States because it affects transactions of the character mentioned in the preceding headnote.

3. The indictment was not subject to general demurrer.

MARCH 14, 1911.

Certified question; from Court of Appeals. 2753.

The Court of Appeals, desiring instructions necessary to a proper determination of a case pending in that court, certified to the

Supreme Court as follows: "The indictment charges that the defendant, Cureton, did, in the county of the prosecution, 'sell and barter for a valuable consideration alcoholic, spirituous, malt, and intoxicating liquors, by then and there, for a valuable consideration from the purchasers, delivering to the Southern Express Company, a corporation and common carrier, at its office at Rising Fawn, said county, said alcoholic, spirituous, and intoxicating liquors, for shipment to persons beyond the limits of the State of Georgia, and into the States of Alabama and Tennessee, by then and there, for a valuable consideration from the purchasers, causing said liquor to be received and shipped by said express company beyond the limits of said State of Georgia, and into the States of Alabama and Tennessee to said persons, the said Cureton having theretofore received written orders for said liquors from the persons aforesaid; said orders and pay for said liquors having been received by said Cureton at an office owned by him in Tennessee, and said orders having been sent by said Cureton to an agent of said Cureton at Rising Fawn, in Dade county, where said liquors were then stored, with instructions from said Cureton to fill said orders by delivering said liquors to the express office at said Rising Fawn, Georgia, consigned to said purchasers in said States of Alabama and Tennessee, which instructions were complied with by said agent of said Cureton, and said liquors delivered as aforesaid to said express company at Rising Fawn, Georgia, consigned to said purchasers in Alabama and Tennessee, on the day and date aforesaid.' The defendant filed a demurrer to the indictment, on the following grounds. '1. Because the indictment fails to charge an offense under the laws of Georgia or an offense committed in the State of Georgia. The facts alleged make a case of interstate commerce under the commerce clause of the constitution of the United States. 2. Because if the facts set forth in the indictment or presentment constitute an offense under the act of the legislature of Georgia, approved August 6th [1907] (Acts of 1907, pp. 81-83), upon which the indictment is based, then, so construed, said act contravenes article one, section 8, paragraph 3, of the constitution of the United States, which provides that Congress shall have power "to regulate commerce with foreign nations, among the several States, and with the Indian Tribes."' Should said demurrer have been sustained?"

*Spears & Lynch, Maddox, McCamy & Shumate, W. W. Cureton,*
*W. U. & J. P. Jacoway,* and *G. D. Lancaster,* for plaintiff in error.
*Thomas C. Milner, solicitor-general,* and *George W. Stevens,* contra.

ATKINSON, J. 1. The act approved August 6th, 1907 (Acts 1907, p. 81), made it a misdemeanor, punishable as prescribed in the Penal Code of 1895, § 1039, for any person within the limits of this State to sell or barter for a valuable consideration, either directly or indirectly, any alcoholic, spirituous, malt, or intoxicating liquors or intoxicating bitters, or other drinks which, if drunk to excess, would produce intoxication. The indictment, which contained allegations relative to sales of intoxicating liquors, as set forth in the first headnote, clearly charges the sale of such liquors. It was contended in the brief of plaintiff in error that they were not sufficient to charge that the defendant had made sales "within the limits of this State," as contemplated by the act of 1907, above mentioned. Upon this point it is unnecessary to confuse the case by reference to the validity of the statute on the ground that it interferes with interstate commerce, though that question was argued by counsel and will be dealt with in the second division of this opinion; because there is nothing in the case which renders it essential to refer to such matter in order to determine where the alleged sales were made. Under the allegations of the indictment, the sales were either made within the limits of this State, or they were not. The act of the defendant's agent at Rising Fawn, Georgia, under instructions from defendant, was the act of the latter. It matters not that the defendant was without the limits of the State at the time the instructions were given. Under the orders given by the purchasers for the liquors, accompanied by the purchase-price, which did not indicate that there was to be any retention of title by the seller, and the manner of filling the orders, which did not indicate that the seller intended to retain title, the common carrier became the agent of the purchasers to receive the liquors; and when the agent of the defendant delivered the liquors to the agent of the purchasers, at Rising Fawn, Georgia, the acceptance and delivery were the same as if the respective principals had there met and delivered and received the liquors in pursuance of negotiations for the sale. Delivery and acceptance thus made were the culminating features of the sales, and brought

the sales within the purview of the act. In this connection see *Dunn* v. *State,* 82 *Ga.* 27 (8 S. E. 806, 3 L. R. A. 199) ; *Doster* v. *State,* 93 *Ga.* 43 (18 S. E. 997) ; *Falvey* v. *Richmond,* 87 *Ga.* 100 (13 S. E. 261) ; *Moore* v. *State,* 126 *Ga.* 416 (55 S. E. 327).

2. It was also contended, that the indictment failed to allege sufficient facts to charge the defendant with the commission of a penal offense, because the facts alleged related to commerce between the States, and if the act of 1907 should be so construed as that transactions of the character alleged in the indictment were violative of its terms, the act would be violative of the interstate commerce clause of the constitution of the United States, and for that reason void. The act in question prohibits sales of intoxicating liquors of several kinds in Georgia, and does not pretend to do more. A statute enacted in the exercise of the police power of a State is not necessarily violative of the interstate commerce clause of the Federal constitution because it incidentally affects such commerce to a limited degree. See *Armour & Co.* v. *City of Augusta,* 134 *Ga.* 178 (67 S. E. 417, 27 L. R. A. (N. S.) 676), and citations. According to the allegations of the indictment, the sale and delivery of the intoxicating liquors were the only acts of the parties alleged to have been done in the State of Georgia and relied upon by the State to show sales "within this State." These acts were inseparably connected with the agency of the Southern Express Company, a common carrier, in receiving and delivering goods from one State into another. To this extent, giving the statute the construction stated in the first division of this opinion, it touches interstate commerce; but the interstate commerce clause of the Federal constitution is no instrument to be employed as a mere pretext for avoiding a statute which a State ordinarily may legitimately enact in the exercise of its police power. The transactions described in the indictment are unique in character, and indicate a display of ingenuity to connect them with interstate commerce, rather than that the statute necessarily and substantially interferes with the natural course of such commerce. Giving the statute the construction heretofore indicated, it is not violative of the Federal constitution on the ground taken.

3. The indictment was not subject to general demurrer, and the inquiry made by the Court of Appeals must be answered in the negative.        *Fish, C. J., absent. The other Justices concur.*