# KUCK v. THE STATE.

1. Where a person is accused in one count on a charge of misdemeanor, alleging that on May 18, 1918, the defendant did sell spirituous liquors, etc., and in another count of the same accusation it is alleged that the defendant on the same day did have, control, and possess spirituous liquors, etc., and the same evidence is relied on to convict under both counts, a verdict finding the defendant guilty on the first count and not guilty on the second is void for repugnancy.

2. In view of the ruling announced above it is unnecessary to pass upon any other assignment of error complaining of the judgment refusing to set aside the verdict, and the judgment overruling the motion for new trial.

No. 1065. June 14, 1919.

Accusation of misdemeanor. Before Judge Rourke. City court of Savannah. June 22, 1918.

The first count of the accusation charged that on May 25, 1918, in the county of Chatham, H. F. Kuck "did unlawfully sell spirituous liquors," etc.; and the second count charged that on the same day, in the same county, the same defendant "did unlawfully have, control, and possess spirituous and malted liquors," etc. On the trial the verdict returned was: "We, the jury, find the defendant guilty on first count, and recommend him to the mercy of the court. Not guilty on second count." Upon the verdict the judge sentenced the accused to serve twelve months upon the chain-gang of the county, and, at the expiration of the term, to be confined in the common jail of the county for the period of six months. The defendant made a motion for new trial, and also a motion in arrest of judgment; and both being overruled by separate orders, he excepted to both judgments.

The grounds of the motion in arrest included, among others: "Because the verdict of the jury in finding the defendant guilty on the first count and not guilty on the second count is inconsistent. Because the verdict of the jury is void in that it finds him not guilty of unlawfully having, controlling, and possessing spirituous liquors, and at the same time finds him guilty of unlawfully selling spirituous liquors. The verdict upon the second count acquits defendant of the material elements of the first count."

*Osborne, Lawrence & Abrahams* and *H. Mercer Jordan,* for plaintiff in error. *Walter C. Hartridge, solicitor-general,* contra.

ATKINSON, J. 1. In 2 Bishop's New Criminal Procedure, § 1015 (5), it is said: "No form of verdict will be good which creates a repugnancy or absurdity in the conviction " See also, 16 Corpus Juris, § 2596 (5), where it is said · "A verdict on several counts must not be inconsistent." The offense of a misdemeanor for selling spirituous liquors was charged in the first count in the language of section two of the act of 1915 (Ga. Laws, Ex. Sess. 1915, p. 79), making it a misdemeanor to sell spirituous liquors in this State. The offense of misdemeanor for having, controlling, and possessing spirituous liquors was charged in the second count in the language of sections one and sixteen of the act approved March 28, 1917 (Ga. Laws, Ex. Sess. 1917, pp. 8, 15) making it a misdemeanor for any person to have, control, or possess any spirit-

uous liquors, etc. Both counts were legally sufficient, and the evidence relied on to convict on both was the same and had reference to one transaction which occurred on the day alleged in the accusation. On motion in arrest of judgment on the ground of repugnancy in the verdict, neither count could be disregarded as surplusage. The verdict was: "We, the jury, find the defendant guilty on first count, and recommend him to the mercy of the court. Not guilty on second count." This verdict must be construed in connection with both counts to which it refers. The offense of having, controlling, and possessing spirituous liquors in this State, as alleged in the second count, could be committed without making a sale of the spirituous liquors; but the offense of selling, which contemplates delivery within the meaning of the prohibition statutes as the culminating feature of the sale (*Cureton* v. *State,* 136 *Ga.* 91, 70 S. E. 786, and cit.), could not be committed without having, controlling, or possessing liquors. There would be no inconsistency or repugnancy in a verdict of guilty under the second count and not guilty under the first count, but there would be inconsistency and repugnancy in a verdict of guilty under the first count and not guilty under the second count; for if there was no "having, controlling, or possessing," there could be no "selling." In the latter instance the repugnancy is as complete as in the case of *Southern Ry. Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011), where on account of repugnancy a verdict was set aside. The verdict found damages against the railroad and no liability against its employee, both having been sued jointly for an injury caused solely by malfeasance of the employee in operating the engine of the company. In Commonwealth v. Haskins, 128 Mass. 60, it was held: "Upon the trial of an indictment charging the defendant in one count with larceny of a chattel and in another court with receiving the same chattel, knowing it to have been stolen, a verdict of guilty on both counts is inconsistent in law, and no judgment can be rendered upon it; and the subsequent entry of a nolle prosequi of the second count does not cure the defect." See also State v. Rowe, 142 Mo. 439 (44 S. W. 266); Tobin v. People, 104 Ill. 565; Richards v. Commonwealth, 81 Va. 110; Commonwealth v. Lowry, 158 Mass. 18 (32 N. E. 940); State v. Rounds, 76 Me. 123. In *Hathcock* v. *State,* 88 *Ga.* 91 (13

13

S. E. 959), the defendant was charged with a misdemeanor in two counts based on the same transaction: the first count charged that defendant knowingly and falsely on a named day did represent that he owned designated property and on the strength of such representations induced a named merchant to sell him goods, whereby the merchant was cheated and defrauded; the second count referred to the same transaction and was similar to the first in all respects, except that it was charged that the false representations by means of which the goods were obtained were that defendant was "perfectly solvent and responsible for his debts and was good for his obligations." The jury returned a verdict finding the defendant guilty under the second count, and making no express reference to the first. The defendant, in addition to his motion for new trial, moved in arrest of judgment, on the ground that "he had been acquitted on the first count, and, having been so acquitted, it was not lawful that he should be convicted on the second count, because the charges therein made were covered by the charge in the first count. If the representations stated in the second count were made, they were made at the time of the representations charged in the first count; and the charge in the second relates to and is covered by the transactions which relate to and are covered by the first count." In ruling upon the question thus made the court said: "Where the trial is had at the same time on two counts in an accusation, a verdict of guilty on one count alone is an acquittal on the other, but such acquittal does not vitiate the conviction, although both counts may relate to the same transaction." It will be observed that the ruling of the court states a general proposition. The second count upon which the verdict was rendered alleged false representations as to general solvency and financial standing of the defendant as the basis of the fraud, and there could be no repugnancy in a verdict of guilty on that count and not guilty on the first count in which the basis of the fraud was false representations as to ownership of particular property. Had the verdict of guilty been on the first count and not guilty on the second, the question would have been different and more nearly similar to that involved in the present case. The case did not involve a question of repugnancy in the verdict, and in stating the rule broadly the court did not pretend to say that in a case where the verdict expressly referred to both counts, and the findings upon

each were such as would work an inconsistency amounting to repugnancy in the verdict, the verdict would be good.   To have held that would be to put form above substance.   The ruling in that case was misapplied by the Court of Appeals in the case of *O'Brien* v. *State, 22 Ga. App.* 249 (95 S. E. 938).   It was error to overrule the motion to set aside the verdict.

2.   As, under the ruling discussed in the preceding division, the verdict will be set aside, no ruling will be made upon the constitutional question raised by the motion to set aside, wherein the act of 1915 (Ga. Laws, Ex. Sess. 1915, p. 79), prohibiting the sale of spirituous liquors, was attacked as violative of the due-process clause of the fourteenth amendment of the constitution of the United States; nor will any decision be made upon any question raised by the motion for new trial upon which error was assigned.

*Judgment reversed.   All the Justices concur, except Beck, P. J., absent.*