# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1921

---

### 12102. PHILLIPS *v.* THE STATE.

1. An acquittal of one upon an indictment charging him with having in his possession alcoholic liquors is no bar to a trial on a separate indictment charging him with selling such liquors.
2. "There being no proof of a plenary confession by the accused, but, at most, evidence only of incriminatory admissions, it was such an error to charge the law relating to confessions as to require a grant of a new trial."

DECIDED MAY 11, 1921.

Indictment for sale of alcoholic liquors; from Newton superior court — Judge Hutcheson. December 31, 1920.

*King & Johnson,* for plaintiff in error.

*A. M. Brand, solicitor-general, George M. Napier,* contra.

BLOODWORTH, J. At the same term of the court two indictments were found against the plaintiff in error, one for having liquor in his possession, and the other for selling intoxicating liquor. He was tried on the indictment which charged him with having in his possession intoxicating liquors, and was acquitted. When the case for selling intoxicating liquors was called he pleaded in bar the acquittal on the other indictment. The court struck this plea, and exceptions pendente lite were filed. Upon the trial the defendant was convicted, his motion for new trial was overruled, and he excepted, assigning error both on the judgment overruling the motion for a new trial and on the exceptions pendente lite.

1

1. Where two separate indictments are preferred against a person, one charging him with having in his possession alcoholic liquors, and the other with selling alcoholic liquors, and the accused is tried under the indictment for having alcoholic liquors in his possession and is acquitted, this is no bar to a subsequent trial on the indictment charging him with selling such liquors; and in this case the plea of former acquittal was properly stricken.

What we have just said is not in conflict with what is ruled in the case of *Kuck* v. *State,* 149 *Ga.* 191 (99 S. E. 622). That case involved a question of repugnance in a verdict, and dealt with a case where there was only one indictment, one trial, and one verdict, but more than one count. So did all the criminal cases cited in the opinion. In the case against this plaintiff in error there are two indictments and must be two separate verdicts. A verdict does not always do that which its name imports,— speak the truth. If a person be indicted for possessing intoxicating liquors and for selling such liquors, and is really guilty of both, and upon the trial for possessing the liquors there is a miscarriage of justice and a verdict of acquittal because of the failure of the prosecution to properly develop the case, or for some other cause, would the law require that the guilty defendant go entirely free because of this acquittal? We trow not. For a jury to say in one and the same verdict that a defendant is guilty of selling liquor and not guilty of having whisky in his possession, under the decision in the *Kuck* case, is inconsistent and repugnant. This is because there is but one trial, the same evidence, one verdict. This reasoning will not apply where there are two indictments, two trials, two verdicts, and perhaps entirely different evidence.

In addition to what is said above, the indictment against the defendant in this case for having liquors in his possession contained the following exceptions: " The same not being pure alcohol to be used only for medicinal, mechanical, and scientific purposes, and not being wine for sacramental purposes." If the plea in bar in this case is good, then one who has legally had in his possession liquors for either of the purposes embraced in these exceptions could sell the same and go " scot free," should he be indicted, as in this case, for having liquor in his possession and for selling it, and be tried first for having it in his possession, and upon his trial, show that his possession was legal under the

exceptions, and be acquitted, and then plead his acquittal in bar to the other indictment. The statute against selling intoxicating liquors has no exceptions, and is therefore broader than the statute which prohibits the having of liquor in possession. A person may legally possess intoxicating liquors for certain purposes, but he can not, under the laws of Georgia, under any circumstances or conditions, sell it.

2. Upon the trial of this case the witness swore: " He [the accused] came to me and said: ' Mr. Sellers, you can make this hard on me, or you can make it easy on me.' I said: ' Mr. Phillips, of course my evidence in the grand-jury room, I suppose, got the bill, but I will make it just as easy as I can.' " The statement to which this witness testified as having been made by the accused was at most but an incriminating statement, and was not a confession of guilt. " When a person only admits certain facts from which the jury may or may not infer guilt, there is no confession." Black's Law Dictionary says: " A confession, in criminal law, is a voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act and the share and participation he had in it." A confession implies " an admission of every essential element necessary to establish the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it cannot be said to be an admission of guilt." *Owens* v. *State,* 120 *Ga.* 298 (48 S. E. 22). See *Easterling* v. *State,* 24 *Ga. App.* 424 (100 S. E. 727), and cases cited in the opinion. The statement made by the accused not being a confession of guilt, it was error on the part of the presiding judge to charge the law of confessions. This error was not cured by charging also: " The court leaves it to you to determine whether or not there was any confession made in this case." See, in this connection, *Lee* v. *State,* 102 *Ga.* 224 (2) (29 S. E. 264).

*Judgment reversed. Broyles, C. J., concurs. Luke, J., concurs specially.*

LUKE, J. I concur in the judgment of reversal in this case, but I cannot agree to the ruling announced in the first headnote; for, in my opinion, that ruling is, under the particular facts of the in-

stant case, equivalent to a holding that one can be legally convicted of selling the same liquor which he has been found not guilty of possessing. Such a conviction would be void for repugnancy. Indeed, the Supreme Court has settled this question in the recent case of *Kuck* v. *State,* 149 *Ga.* 191, 193 (99 S. E. 622, 623), where it is ruled that, "the offense of selling, which contemplates delivery within the meaning of the prohibition statutes as the culminating feature of the sale (*Cureton* v. *State,* 136 *Ga.* 91, 70 S. E. 786, and cit.), could not be committed without having, controlling, or possessing liquors." It is true that in that case there were two counts, one charging the defendant with selling liquors, and the other with possessing liquors, whereas in this case we are considering two indictments, one charging the defendant with having and possessing liquors, and the other with selling liquors, but, to my mind, this is a distinction without a real difference, for it is the settled law of this State that where an indictment is drawn in two counts, each count must be as complete as if there were but one count in the indictment.