### 16122. O'NEAL v. THE STATE.

The evidence in this case is wholly circumstantial, and is insufficient to establish the defendant's guilt to the exclusion of every other reasonable hypothesis.

DECIDED MARCH 4, 1925.

Indictment for sending threatening letters; from Montgomery superior court—Judge Graham. November 8, 1924.

*Saffold & Sharpe, J. Wade Johnson,* for plaintiff in error.

*M. H. Boyer, solicitor-general, M. B. Calhoun, W. A. Wooten,* contra.

LUKE, J. J. M. O'Neal was indicted in seven counts for sending certain letters, all anonymous, in which the writer threatened to kill the prosecutor, W. T. McArthur, and to burn his property. Each count was based on a different writing. The accused was acquitted on the first six counts and convicted on the seventh. His exception is to the judgment overruling his motion for a new trial. The indictment was based on that part of section 119 of the Penal Code (1910) which declares that "If any person shall

knowingly send or deliver any letter or writing, . . threatening to maim, wound, kill, or murder another, . . or to burn or otherwise destroy or injure his house or other property, . . he shall be punished," etc. The evidence is voluminous and creates a strong suspicion of guilt, but it is wholly circumstantial and does not exclude every other reasonable hypothesis. It will suffice here to point out what it fails to show, rather than what it shows. The offense being to "knowingly send or deliver" a letter of the character in question, it is not, of course, essential to the State's case to show that the letter was written either by or at the instance of the accused; but such a fact, if proved, would constitute a very strong circumstance against him, tending to connect him with the sending or delivery of the letter. From the brief of evidence brought to this court it appears that the particular letter resulting in the defendant's conviction was found by a rural carrier in a rural mail-box, after which it went the usual and regular course until it was delivered to the prosecutor, without any evidence to connect the accused, either directly or indirectly, with the writing of it, or with the mailing of it, and without any evidence conclusively showing that he even had an opportunity to mail the letter where it was mailed. While the State's counsel contends that the accused both wrote and posted the letter, yet no witness testified that it was in his handwriting, or that he was seen to write or cause it to be written, or that he was ever in possession of it, or that he admitted having written it or having had any connection whatever with the writing of it, nor was any of his handwriting proved and introduced in evidence for the purpose of comparison with the handwriting of the letter in question. Consequently, the contention that the accused is the author of the letter is without any evidence to support it. *Cocroft* v. *Cocroft,* 158 *Ga.* 714 (124 S. E. 346). Without the inference that would naturally flow from proved authorship, and in the absence of any evidence that the accused mailed the letter or caused it to be mailed, or ever had it in his possession or control, he is not sufficiently connected with the sending or delivery of the letter to authorize his conviction. We are not unmindful of the fact that some of the other letters, set out in the first six counts of the indictment, were delivered to the prosecutor by the accused, he claiming to have found them posted on trees or buildings about

the premises. But we are not willing to say that the jury was so inconsistent as to repudiate that evidence by acquitting the accused on the counts to which it related directly, and accepted it on the seventh count, to which it has only an indirect relation. See, in this connection, *Kuck* v. *State,* 149 *Ga.* 191 (1) (99 S. E. 622). The State's counsel further contends that certain statements of the accused prior to his trial "amount practically to a confession." The evidence shows two such conversations: one with the witness Oscar Bailey, in which the accused protested his innocence and at the same time predicted that he would be convicted; the other with the witness J. D. Mallard, a detective employed to discover evidence, in which the accused predicted his conviction and begged for mercy, without any reference, so far as the evidence shows, to the question of his actual guilt or innocence. Such evidence does not amount to proof of a confession, however freely and voluntarily made, nor does it relate to any one count of the indictment any more than to all the others. In this state of the record the verdict can not stand.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I think that the evidence in this case was sufficient to exclude every *reasonable* hypothesis save that of the defendant's guilt. The incriminatory admissions of the defendant, together with the other evidence adduced, amply authorized his conviction of the offense charged. In my opinion the judgment of the lower court should be affirmed.