## 17939.  LEGGETT v. THE STATE.

For no reason assigned did the court err in charging to the effect that if the jury should find from the evidence that the defendant, who was being tried for the offense of having intoxicating liquor in his possession, perfected a sale of whisky as contended by the State, there would be a presumption that he had whisky in his possession, and the jury should find him guilty.

DECIDED APRIL 12, 1927.

Possessing intoxicating liquor; from city court of Baxley— Judge Speer.  December 7, 1926.

*J. B. Moore*, for plaintiff in error.

*Wade H. Watson, solicitor*, contra.

LUKE, J. 1.  The defendant was convicted of possessing intoxicating liquor.  The motion for a new trial complains of the following charge: "If you should find from the evidence that the defendant, Berrian Leggett, perfected a sale of whisky, as contended by the State, to some other person, then that sale, under the law, would be a presumption that he had whisky in his possession, and if you were to find that Mr. Leggett did make a sale of whisky as contended by the State, then it would be your duty to find that he was guilty of having whisky in his possession." It was contended that this was error because there was no such presumption, and because it was an expression of opinion as to what had been shown by the evidence.  For no reason assigned was this excerpt error.  "The offense of sale, which contemplates delivery within the meaning of the prohibition statutes as the culminating feature of the sale, could not be committed without having, controlling, or possessing liquors." *Kuck* v. *State,* 149 *Ga.* 191, 193 (99 S. E. 622).

2.  The court did not err in failing to charge on circumstantial evidence.

3.  The evidence authorized the verdict.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

Intoxicating Liquors, 33 C. J. p. 744, n. 12; p. 761, n. 53; p. 763, n. 65, 68; p. 791, n. 53.