19027. SMITH *v.* THE STATE.

DECIDED JULY 10, 1928.

*McClure & McClure, S. W. Fariss,* for plaintiff in error.

*J. F. Kelly, solicitor-general, M. Neil Andrews,* contra.

BLOODWORTH, J. Two accusations were filed against the accused. By agreement these cases were tried together.

■ During the trial and after the judge had commenced to charge the jury the solicitor-general discovered that one of the jurors selected to try the cases was an uncle of the defendant, and he made a motion that a mistrial be declared on account of this relationship. The mistrial was declared. Later the accused filed a plea of former jeopardy, insisting that at the time the mistrial was declared he was in jeopardy, and that the legal effect of declaring the mistrial over his objection amounted to his acquittal. Under the facts of this case and the principle announced in *Cambron* v. *State,* 36 *Ga. App.* 784 (2), 785 (138 S. E. 280), the court did not err in declaring a mistrial or in striking the plea of former jeopardy. See also *Cambron* v. *State,* 164 *Ga.* 111 (2), 112 (137 S. E. 780) ; *Rittenberry* v. *State,* 30 *Ga. App.* 289, 291 (117 S. E. 765).

■ Of the two accusations filed against the accused, one charged him with selling intoxicating liquor on the 15th day of October, 1927, and the other alleged that on the same date he did have and control intoxicating liquor. By agreement these cases were tried together. There was a verdict of guilty of selling intoxicating liquor, and one of not guilty of possessing intoxicating liquor. There was but one trial; the evidence was necessarily the same in both cases, and it showed but one transaction. Under the principle announced in *Kuck* v. *State,* 149 *Ga.* 191 (99 S. E. 622), and in *Britt* v. *State,* 36 *Ga. App.* 668 (137 S. E. 791), the verdict finding the accused guilty of selling intoxicating liquor is repugnant to the one finding him not guilty of possessing intoxicating liquor, and is void. The facts of this case differentiate it from the case of *Phillips* v. *State,* 27 *Ga. App.* 1 (107 S. E. 343).

*Judgment reversed.* *Broyles, C. J., and Luke, J., concur.*