OWEN, jailor, *v.* WHITE.

No. 11251. FEBRUARY 19, 1936.

*A. J. Perryman, solicitor-general,* and *W. R. Flournoy,* for plaintiff in error.

*T. L. Bowden* and *Love & Fort,* contra.

HUTCHESON, Justice. On December 18, 1935, White filed in the city court of Columbus, Muscogee County, a petition for habeas corpus, alleging in substance as follows: The petitioner is illegally restrained of his liberty by Owen, jailor of the common jail of said county, and the cause of said restraint is a certain sentence imposed upon him by the superior court of Muscogee County, said sentence being predicated upon a verdict of a jury of said court, returned on December 10, 1935, upon a prosecution for the offense of arson as alleged in two counts of a bill of indictment returned by the grand jury of said county at the August term of said court. The defendant with three others was accused, in count one of the indictment, with the offense of arson, in that they did unlawfully and with force of arms wilfully and maliciously set fire to, burn, and cause to be burned, and did then and there aid, counsel, and procure the burning of a certain building situate at 3223 River Road in Muscogee County, together with certain described personalty therein. In count two of the indictment petitioner and the same others were accused of the offense of arson, in that they did unlawfully and with force of arms wilfully and maliciously set fire to, burn, and caused to be burned, and did then and there aid, counsel and procure the burning of said building and the personalty described therein, with the intent to defraud certain named insurance companies, insurers of the building and its contents. The jury found the petitioner not guilty on the first count, and guilty on the second count. Said verdict is inconsistent, and the finding of the jury on the second count is repugnant to the finding on the first count, the same evidence being relied on by the State for conviction on both counts of the indictment; and therefore the verdict, judgment and sentence are void.

The writ was granted and served upon Owen, the jailor, who answered and admitted the facts as pleaded in the petition in regard to the indictment, verdict, judgment, and sentence of the court, but denied that the same evidence was relied upon by the State for conviction on both counts of the indictment, or that the

verdict, or the judgment or sentence of the court, was void. Owen also presented his demurrers to the petition at the time of the hearing. The judge refused to sustain the demurrers at that time, but stated that he would hear the demurrers along with the answer on the merits; to which ruling ·Owen excepted. Issue was joined, and the case proceeded to hearing. No evidence was introduced showing what the evidence was on the trial of the petitioner under the indictment. The judge sustained the writ and discharged the petitioner. Owen excepted.

Only headnote 3 will be discussed, as the rulings in headnotes 1 and 2 are sufficient within themselves. The Code of 1933 § 26-2209, defines the offense of arson as the wilful and malicious burning, etc., of a building, and as the wilful and malicious burning, etc., of a building with the intent to defraud. The first count of the indictment charges the petitioner with the wilful and malicious burning, etc., of the building. No allegation of burning, etc., with the intent to defraud, appears in the first count. While the burning, etc., of described personalty, located in the building, is included in the first count, it is surplusage. The wilful and malicious burning of personal property may be an offense under the Code, § 26-8116, which declares: "All other acts of wilful and malicious mischief, in the injuring or destroying any other public or private property not herein enumerated, shall be misdemeanors." But an indictment for arson does not include the offense of malicious mischief. *Crockett* v. *State,* 80 *Ga.* 104 (4 S. E. 254). The first count of the indictment then merely charges the petitioner with the burning, etc., of the building as defined in § 26-2209, supra. The second count of the indictment charges the petitioner with the wilful and malicious burning, etc., of the building with the intent to defraud the insurer, under § 26-2209, supra, and with the wilful and malicious burning, etc., of certain described personalty located in said building, under § 26-2210, which defines the offense of arson as the wilful and malicious burning, etc., of personalty with the intent to defraud the insurer thereof. No attack was made in the court below on the form of the second count. Under count one the petitioner could have been found guilty only of the burning, etc., of the *building.* He was found not guilty on this count by the jury. Under count two he could have been found guilty of either (1) the burning, etc., of the

70

*building* with intent to defraud, or (2) the burning, etc., of the *personally* with the intent to defraud. If he had been found guilty of the first offense under count two, such finding might have been repugnant to the finding on the first count. See *Kuck* v. *State,* 149 *Ga.* 191 (99 S. E. 622) ; *Britt* v. *State,* 36 *Ga. App.* 668 (137 S. E. 791) ; *Smith* v. *State,* 38 *Ga. App.* 366 (2) (143 S. E. 925) ; *Davis* v. *State,* 43 *Ga. App.* 122 (157 S. E. 888). However, if the petitioner had been found guilty of the second offense under count two, such finding would not be repugnant to the finding on the first count. Moreover, no evidence was introduced on the hearing showing what was the evidence relied upon by the State in the trial on the indictment. Even if such evidence had been introduced and had shown that the evidence relied upon by the State for conviction was the same under both counts, it does not necessarily follow that the jury could not have found as they did. The statement just made is not to be construed as a holding that a court shall hear such evidence upon a habeas-corpus hearing.

Under the rulings set out above, it is the duty of this court to construe the verdict of the jury and the judgment and sentence of the court as valid and binding. Code of 1933, § 27-2301. The verdict not being void for any of the reasons assigned, the judgment and sentence of the court based thereon is valid, and the writ of habeas corpus does not lie to release one being detained thereunder. The court erred in sustaining the writ and in discharging the prisoner.

*Judgment reversed.* All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.

RUSSELL, Chief Justice, dissenting. In the opinion of the majority it is declared that it is our duty "to construe the verdict of the jury and the judgment and sentence of the trial court as valid and binding." As only one member of the Supreme Court I do not so construe my duty. Furthermore, I should never under any circumstances dictate to any of my associates, individually or collectively, what was or was not his duty under his oath. I say most respectfully that I can not concur in the opinion that the judgment of the superior court of Muscogee County was or is a valid judgment. This for the reason that in my opinion it is based upon a verdict so repugnant as to be unenforceable. It is to be borne in mind, as conceded by the opinion of the majority, that in the

first count of the indictment the offense of arson is distinctly charged eo nomine, while in the second count it is very plain that the charge is based upon the provisions of section 3 of the act of 1924 (Ga. L. 1924, pp. 192-3), now embodied in the Code of 1933, § 26-2210, which provides only for prosecution where the burning of personal property is alleged to have been done with intent to defraud an insurer. Arson is an offense which for centuries was recognized by the common law, and following the common law it has been for more than a hundred years recognized in Georgia, and is defined in every Code of this State. It is still to be found in the Code of 1933, § 26-2201, as follows: "Arson is the malicious and wilful burning of the house or outhouse of another." The offense had no relation to personal property. The opinion of the majority concedes that there could be no conviction under this indictment for the offense of malicious mischief in burning any of the personal property referred to in the indictment. In *Crockett* v. *State*, 80 *Ga.* 104 (supra), the accused was indicted for the offense of felony (and not arson). She was charged with having "wilfully and maliciously set fire to the dwelling-house of George Allen, said dwelling-house being in the City of Atlanta," etc. The jury found the defendant guilty of malicious mischief. The trial court refused to sustain a motion in arrest of judgment, and the Supreme Court reversed that judgment. In rendering the opinion this court held: "The defendant was indicted for a specific crime, well-defined in the Code, to wit, setting fire to a dwelling-house in a city. She ought to have been convicted of this offense or an attempt to commit it, or acquitted. That would have exhausted this indictment. The section of the Code [of 1882] 4627, that all other acts of wilful and malicious mischief in the injuring or destroying other property, not therein enumerated, shall be punished, does not, in our opinion, embrace any crime already defined in the Penal Code. It means simply that any other acts of a wilful and malicious nature, not provided for and not enumerated, shall be prosecuted, and a conviction had under this section. Not that where an act has been made a crime by another section, and contains elements of wilfulness and malice, the jury can acquit of that and convict of malicious mischief."

It is stated in the opinion of the majority that "While the burning, etc., of described personalty, located in the building, is in-

cluded in the first count, it is surplusage," and may be so treated by this court. I do not so understand the law. It has heretofore been uniformly held by this court that the plea of not guilty filed by one who is accused of any crime puts in issue all the allegations charged against him. The defendant in this case, under this well-settled rule, was compelled to meet any evidence introduced by the State, and to satisfy the jury that he had not burned the personal property described in the first count, or create a reasonable doubt in their minds; and the jury could not convict him unless they were satisfied beyond a reasonable doubt that he had burned the property alleged in the first count. The jury's finding that the defendant was not guilty in the first count relieved him from the charge of burning the personal property upon the occasion mentioned in the indictment, no matter in what indictment it might be placed. It was a clear acquittal of the charge that he burned the designated articles used as a bakery. In 1924 the legislature passed an act, section 3 of which is now embodied in the Code of 1933, § 26-2210. It did not expressly repeal the ancient statute with relation to arson; and repeals by implication are not favored. The Code of 1933, § 26-2210, declares: "Any person who wilfully or maliciously and with intent to injure or defraud the insurer sets fire to or burns, or causes to be burned, or who aids, counsels, or procures the burning of any goods, wares, merchandise, or other chattels or personal property of any kind, the property of himself or of another, which shall at the time be insured by any person or corporation against loss or damage by fire, shall, upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than five years." The second count of the indictment in this case recognizes the clear distinction and the consequent effect of the more recent act of 1924 which I have just quoted, for the second count charges the defendant with the offense of felony. The fact that under the section of the Code relating to arson (§ 26-2209) the penalty upon the accused being convicted is from one to ten years, whereas under § 26-2210 the penalty is only from one to five years, indicates nothing more than that the jury may have reasonably doubted the guilt of the defendant upon either count, but compromised the matter by finding him guilty of the charge carrying the lighter penalty. The variance in the respective penalties is no argument in support of the validity of

the judgment, when the verdict in itself is so repugnant that judgment can not be entered upon it. The first count of the indictment charged the accused, in association with other named persons, with having burned all of the personalty in a designated building, and the jury found that he did not burn this personal property or any of it. Having found this, how can it be said that a finding by the jury in the same trial that the defendant did burn this same property, but that he burned it for a particular purpose, failed to be repugnant? What does it lack of being repugnant? If the personal property described in the second count had been innocently burned, or not burned at all, by the accused, on what theory could the jury thereafter say that he did burn it, and that this burning was for any purpose, no matter what? If there is any "surplusage," it is in the verdict in finding a man guilty of burning designated property, after the jury had already acquitted him in the first count. Under the law of Georgia such "surplusage" should not be permitted to defeat the right of a prisoner to his liberty. It has several times been held by this court that a charge in an indictment which it was not necessary to make may become material by inserting the allegation; but it seems to me somewhat unusual to place upon the defendant in a criminal case the additional burden of establishing his innocence, or at least of raising a reasonable doubt in the minds of the jury as to the guilt, and, after the jury have acquitted him of the charge, to say that he can still be held, because the allegation is merely "surplusage."

There was no demurrer to the indictment. In *Kuck* v. *State,* 149 *Ga.* 191 (supra), it was held: "Where a person is accused in one count on a charge of misdemeanor, alleging that on May 18, 1918, the defendant did sell spirituous liquors, etc., and in another count of the same accusation it is alleged that the defendant on the same day did have, control, and possess spirituous liquors, etc., and the same evidence is relied on to convict under both counts, a verdict finding the defendant guilty on the first count and not guilty on the second is void for repugnancy." The only difference between that case and the case at bar is that the defendant in the present case was found not guilty on the first count and guilty on the second; but the same evidence as to both charges was necessarily before the jury, because he had only one trial. In the *Kuck* case Mr. Justice Atkinson went fully into the subject of

repugnancy, and cited numerous authorities in support of his conclusion. I quote from his opinion upon this subject: "In 2 Bishop's New Criminal Procedure, § 1015 (5), it is said: 'No form of verdict will be good which creates a repugnancy or absurdity in the conviction.' See also 16 Corpus Juris, § 2596 (5), where it is said: 'A verdict on several counts must not be inconsistent.' The offense of a misdemeanor for selling spirituous liquors was charged in the first count in the language of section two of the act of 1915 (Ga. Laws, Ex. Sess. 1915, p. 79), making it a misdemeanor to sell spirituous liquors in this State. The offense of misdemeanor for having, controlling, and possessing spirituous liquors was charged in the second count in the language of sections one and sixteen of the act approved March 28, 1917 (Ga. Laws, Ex. Sess. 1917, pp. 8, 15), making it a misdemeanor for any person to have, control, or possess any spirituous liquors, etc. Both counts were legally sufficient, and the evidence relied on to convict on both was the same and had reference to one transaction which occurred on the day alleged in the accusation. On motion in arrest of judgment on the ground of repugnancy in the verdict, neither count could be disregarded as surplusage. The verdict was: 'We, the jury, find the defendant guilty on first count, and recommend him to the mercy of the court. Not guilty on second count.' This verdict must be construed in connection with both counts to which it refers. The offense of having, controlling, and possessing spirituous liquors in this State, as alleged in the second count, could be committed without making a sale of the spirituous liquors; but the offense of selling, which contemplates delivery within the meaning of the prohibition statutes as the culminating feature of the sale (*Cureton* v. *State,* 136 *Ga.* 91, 70 S. E. 786, and cit.), could not be committed without having, controlling, or possessing liquors. There would be no inconsistency or repugnancy in a verdict of guilty under the second count and not guilty under the first count, but there would be inconsistency and repugnancy in a verdict of guilty under the first count and not guilty under the second; for if there was no 'having, controlling, or possessing,' there could be no 'selling.' In the latter instance the repugnancy is as complete as in the case of *Southern Ry. Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011), where on account of repugnancy a verdict was set aside. The verdict found damages against the railroad

and no liability against its employee, both having been sued jointly for an injury caused solely by malfeasance of the employee in operating the engine of the company. In Commonwealth v. Haskins, 128 Mass. 60, it was held: 'Upon the trial of an indictment charging the defendant in one count with larceny of a chattel and in another count with receiving the same chattel, knowing it to have been stolen, a verdict of guilty on both counts is inconsistent in law, and no judgment can be rendered upon it; and the subsequent entry of a nolle prosequi of the second count does not cure the defect.' See also State v. Rowe, 142 Mo. 439 (44 S. W. 266) ; Tobin v. People, 104 Ill. 565; Richards v. Commonwealth, 81 Va. 110; Commonwealth v. Lowry, 158 Mass. 18 (32 N. E. 940) ; State v. Rounds, 76 Me. 123."

ATKINSON, Justice, dissenting. By the verdict on the first count the jury found that the defendant did not burn the house or its contents. By the verdict on the second count they found that he did burn them in order to defraud the insurance companies which had insured the goods contained in the building. These verdicts are irreconcilably repugnant, which rendered the verdict finding him guilty void, and the judgment based thereon is void.