41314.   COLLEY v. THE STATE.

Submitted May 4, 1965—Decided May 12, 1965—
Rehearing denied May 26, 1965.

*Guy B. Scott, Jr.,* for plaintiff in error.

*Preston M. Almand, Solicitor,* contra.

EBERHARDT, Judge. ■ The evidence was ample to sustain a verdict of guilty on both counts.

■ The charge was a correct statement of the law. Dealing with a similar problem the Supreme Court asserted: "The offense of having, controlling, and possessing spirituous liquors in this State, as alleged in the second count, could be committed without making a sale of the spirituous liquors; but the offense of selling, which contemplates delivery within the meaning of the prohibition statutes as the culminating feature of the sale (*Cureton v. State,* 136 Ga. 91, 70 SE 786, and cit.), could not be committed without having, controlling or possessing liquors. There would be no inconsistency or repugnancy in a verdict of guilty under the second count and not guilty under the first count, but there would be inconsistency and repugnancy in a verdict of guilty under the first count and not guilty under the second count; for if there was no 'having, controlling or possessing,' there could be no 'selling.' " *Kuck v. State,* 149 Ga. 191 (99 SE 622). "Where an indictment contains two counts, one for selling, the other for possessing intoxicating liquors, it is not erroneous for the court to instruct the jury that the accused could not be guilty of the offense of selling whiskey without also being guilty of the other offense." *Arnold v. State,* 39 Ga. App. 680 (148 SE 283).

This is true where the evidence justifying a conviction relates

to but one transaction. If more than one transaction were relied upon as to the separate counts an acquittal on one and conviction on the other would not involve repugnancy. For example, a defendant may be convicted of selling a pint of whiskey but acquitted of possessing 35 gallons, *Byrd v. State*, 51 Ga. App. 541 (181 SE 100), or a lottery operator may be convicted on one count charging the maintaining and carrying on of a lottery but acquitted on another charging the sale of lottery tickets. *Miller v. State*, 48 Ga. App. 786 (173 SE 491). For other cases sustaining our holding, see *Boyd v. State*, 156 Ga. 48 (118 SE 705); *Owen v. White*, 182 Ga. 67 (185 SE 97); *Phillips v. State*, 27 Ga. App. 1 (107 SE 343); *Smith v. State*, 38 Ga. App. 366 (143 SE 925); *Davis v. State*, 43 Ga. App. 122 (157 SE 888); *Evans v. State*, 46 Ga. App. 39 (166 SE 449); *Cannon v. State*, 71 Ga. App. 757 (32 SE2d 124); *Holder v. State*, 88 Ga. App. 859 (78 SE2d 261). It is not error for the court to charge that if the jury convicts on the count charging selling there is a presumption of possession and that the jury should convict of that offense. *Leggett v. State*, 36 Ga. App. 661 (137 SE 789).

It is to be observed that the evidence here related to only one transaction—the purchase of one pint of whiskey from the defendant.

It is contended that the charge was error because the jury might have found that the whiskey did not have South Carolina stamps affixed but had Georgia stamps on it, in which event the possession of a pint is lawful. *Code Ann.* §§ 58-1073, 58-1077. There was no evidence whatever contradicting the agent's testimony that the pint which he purchased from the defendant had no Georgia stamps affixed but did have South Carolina stamps on it. In his unsworn statement the defendant simply denied having possessed or sold whiskey. "It is possible . . . but this theory can not be indulged, because it is entirely unsupported by the evidence of any witness, and is not even sanctioned by the defendant's statement in his own behalf." *Bush v. State*, 170 Ga. 343, 346 (153 SE 2). Recently the Supreme Court dealt with a somewhat similar contention in a different kind of case, holding: "Where, as here, the evidence is sufficient to show beyond a reasonable doubt that the defendant committed the offense . . . his conviction is authorized although the

evidence does not exclude vague conjectures or remote possibilities of the defendant's innocence." *Ivy v. State,* 220 Ga. 699 (141 SE2d 541). Relative to argument that "someone could have entered the back of the house when all of the witnesses were at the front of the house, murdered the deceased, wounded the defendant and fled undetected," the court asserted: "This theory presents only a sheer possibility unsupported by proof."

The theory that the pint of liquor may have had no South Carolina stamps on it and may have had Georgia stamps on it, contrary to all the evidence about that matter, is no more than a "sheer possibility" and shows no error in the charge. Cf. *Graves v. State,* 71 Ga. App. 96, 99 (30 SE2d 212); *Harris v. State,* 86 Ga. App. 607 (1) (71 SE2d 861).

The charge was not error for any reason urged.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*