A District Court jury convicted the defendant of breaking and entering with the intent to commit a misdemeanor, G. L. c. 266, § 16A. On appeal, the defendant claims (1) the judge erred in failing to instruct the jury sua sponte regarding the defense of honest mistake, (2) the judge erred in instructing the jury on constructive breaking, (3) the evidence was not sufficient to support her conviction, and (4) the conviction violates the double jeopardy clause of the United States Constitution. We affirm.
Background. We summarize the evidence the jury could have found, viewing it in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The defendant's brother rented an apartment at 212 Walnut Street in Athol for four years. The defendant lived directly across the street. On March 7, 2017, the defendant's brother was evicted and removed from his apartment.
The property manager had discussed the eviction process with the defendant "[n]umerous times." After the eviction, the property manager hired a moving company to empty the apartment. She also installed new locks on all entrances. The constable posted eviction notices on the front and side doors of the apartment. "No trespassing" tape was also posted on the doors. After the defendant's brother was evicted, he lived with the defendant intermittently.
On March 23, another tenant reported to the property manager that "the Hanshaws" (the defendant's brother and his family) were back in the apartment. While parked across the street, the property manager observed the defendant's brother leave the apartment and walk quickly toward the rear of the building. She then telephoned the police. Upon arrival, the police discovered the defendant inside the apartment with a minor. The eviction notice and no trespassing tape posted on the front door of the apartment were still in place.
When confronted by the responding officer, the defendant stated that she had returned to the property to remove various tools loaned to her brother, whom she knew had been evicted from the apartment. The defendant further explained that she had opened the side door and entered the apartment with the minor. The door appeared to have been kicked in, and the second eviction notice was found on the floor nearby. The defendant was arrested and charged with breaking and entering with intent to commit a misdemeanor.
The defendant's testimony. The defendant testified at trial and offered a different version of events. According to the defendant, she wandered into the driveway of the apartment while chasing an errant football. There, she noticed that the side door of the apartment was open. She entered the apartment "to make sure it was okay, nobody was messing with it." After checking for intruders, she packed up the tools she had lent her brother.
The defendant denied any knowledge of her brother's eviction, and denied her brother's presence in the apartment on the day of her arrest. According to the defendant, she entered the apartment because (1) she was always welcome at her brother's home, and (2) she believed the property manager would have wanted her to investigate the open apartment. She denied all of the statements attributed to her by the Commonwealth's witnesses.
Discussion. 1. Jury instructions. a. Honest mistake. For the first time on appeal, the defendant claims the jury should have been instructed that "if [the defendant] honestly, reasonably but mistakenly believed that she had a right to enter 212 Walnut Street, you may find her not guilty." See Commonwealth v. Liebenow, 470 Mass. 151, 160-161 (2014).[2] The defendant contends that the judge's failure to give this instruction was error. Because the defendant did not request the instruction at trial or object to the instructions as given, we review for error, if any, and then determine whether the error created a substantial risk of a miscarriage of justice. Commonwealth v. Muckle, 90 Mass. App. Ct. 384, 395-396 (2016), S.C., 478 Mass. 1001 (2017).
Generally, "in the absence of any request by the defendant for such an instruction, or of any indication that the defendant brought this interpretation of the facts to the judge's attention, the judge was not required to give the instruction sua sponte." Commonwealth v. Tavares, 471 Mass. 430, 439 (2015). Here, however, defense counsel filed notice of a "defense of authority," which was addressed at a pretrial hearing; the defendant testified that she was unaware of her brother's eviction and believed she was authorized to be in the apartment; and defense counsel suggested as much to the jury in opening and closing. This evidence, considered in the light most favorable to the defendant, see Commonwealth v. Acevedo, 446 Mass. 435, 442-443 (2006), was sufficient to "br[ing] this interpretation of the facts to the judge's attention." Tavares, supra. In these circumstances, the defendant was entitled to an instruction on the concept of honest but mistaken belief.
However, the judge's failure to give the instruction did not result in a substantial risk of a miscarriage of justice. The substantial risk analysis "requires us to determine 'if we have a serious doubt whether the result of the trial might have been different had the error not been made.' " Commonwealth v. Kelly, 470 Mass. 682, 697 (2015), quoting from Commonwealth v. Azar, 435 Mass. 675, 687 (2002). We have no doubt here.
First, the only evidence supporting the claim of honest mistake came from the defendant, whose testimony the jury rejected.[3] Second, despite the defendant's testimony to the contrary, there was compelling evidence that she was aware of her brother's eviction and knew she was not permitted on the property. The property manager had spoken to the defendant about the eviction on several occasions, and the defendant lived across the street throughout the eviction process (which included physical removal by the constable and the presence of moving trucks). Eviction and no trespass notices were posted on the property. Indeed, there was evidence that the defendant's brother moved in with her immediately following his eviction. Finally, the responding officer testified that the defendant admitted that she knew her brother had been evicted. On this record, we are confident that the jury would have reached the same result even if the honest mistake instruction had been given.
b. Constructive breaking. At the Commonwealth's request, the judge instructed the jury that "[i]t is not always necessary, to be guilty of this offense, for the defendant personally to break the building, that is, to open the closed part of the building. The defendant may be convicted if an accomplice let her into the building, if the defendant entered with the requisite intent, that being to commit a trespass." This is an accurate statement of a well-established principle of law. See Commonwealth v. Lowrey, 158 Mass. 18, 19-20 (1893) ; Commonwealth v. Labare, 11 Mass. App. Ct. 370, 373-374 (1981). In light of the evidence that the defendant's brother and a neighbor were also seen at the apartment on the day of the defendant's arrest, the jury could reasonably have inferred that the defendant entered the apartment with the intent to commit a trespass, without personally breaking into the building. Accordingly, we discern no error in the instruction on constructive breaking.
2. Sufficiency. The defendant challenges the sufficiency of the evidence supporting her conviction. The Commonwealth was required to prove that the defendant broke and entered a building with the intent to commit a misdemeanor (criminal trespass) therein. See G. L. c. 266, § 16A ; Parreira v. Commonwealth, 462 Mass. 667, 672 (2012). Criminal trespass is entering or remaining in a building after having been forbidden to do so. See G. L. c. 266, § 120 ; Commonwealth v. Scott, 71 Mass. App. Ct. 596, 604 (2008). Here there was evidence that the defendant, knowing her brother had been evicted from his apartment, entered the locked apartment without authority to do so. The door, upon which a notice of eviction and a no trespassing sign had been posted, was broken. This evidence, viewed in the light most favorable to the Commonwealth, see Latimore, 378 Mass. at 677, was sufficient to establish the elements of breaking and entering with intent to commit trespass beyond a reasonable doubt.
3. Double jeopardy. Finally, because the defendant was charged, convicted, and sentenced for a single offense, the conviction does not violate the double jeopardy clause. See Commonwealth v. Traylor, 472 Mass. 260, 267 (2015) (double jeopardy clause bars a second prosecution for the same offense or multiple punishments for the same offense).
Judgment affirmed.

We note that the proper instruction would require only that the defendant had an honest, yet mistaken belief negating the requisite criminal intent. Reasonableness is not required. Liebenow, 470 Mass. at 160-161.

We note that the jury's verdict was returned within twenty minutes.