Under the evidence set forth in the opinion the verdict of guilty was supported.
 DECIDED SEPTEMBER 18, 1942. REHEARING DENIED OCTOBER 14, 1942.
The sole exception is to the judgment overruling the certiorari wherein the complaint, generally, was of the defendant's conviction of the offense of selling at retail intoxicating liquor without first having secured a license.
It appears that the police department had information that the law was being violated in this respect at 666 Boulevard, N.E. On the occasion in question two police officers entered the place about 9 o'clock p. m. on Christmas Day. They found the defendant in charge. From all outside appearances the establishment appeared to be a restaurant. A license from the City of Atlanta to operate a restaurant was seen on the inside of the building. No restaurant was being operated. The restaurant facilities, from *Page 170 
disarrangement and accumulation of dust and the lack of food supplies, indicated that the place had not been operating as a restaurant for some time. In a side room adjoining the main room the officers found three cases of assorted brands of whisky, in containers of pints and half pints. There were installed in the place two unpublished telephones with unpublished numbers, Vernon 1101 and Vernon 9222. On a table near the `phones were a number of cards reading, "For prompt and courteous service call Ve. 1101, Ve. 9222." The application for telephone service was signed by Lawrence M. Long. The defendant was the only person in the establishment when the officers arrived. He was attired in a business suit and was wearing a hat. While the officers were there several calls over the telephone were received for whisky to be delivered. The officers answered the 'phones and informed the callers that the porter was out and that they would have to wait. Several persons came into the place while the officers were there, but disclosed no reason for stopping and lingered for a few minutes only. While the officers were there a girl, about eleven or twelve years old, came in with the following document: "Send 2 coca-colas and a half point of Century Club to 660 Blv'd. Apt 12. Right away please." The defendant remarked to one of the officer, "That aint yours," and reached over to get it; and as the officer got it the defendant said, "Don't read my mail." The officer read the note and retained it. There was no revenue license displayed or to be found in the establishment authorizing the retail sale of intoxicating liquor. The officers arrested the defendant for the offense for which he was convicted.
The defendant introduced no evidence. He made the following statement: "Well, gentlemen, I admit being in the place. My daddy-in-law was running a lunch room there. I had been over at the hospital for four days. I had been in the hospital for thirty-one days, and I went over there to borrow some money from him, and there was no toilet in the building and he was going off to use the rest room and asked me would I stay there until he came back, and I told him, `Yes, I would,' and I was sitting there reading a magazine when the officers came in. I just sat there. I did not pay no attention to any whisky being there; I was only in the place; and so they searched the outside and *Page 171 
around and found this whisky, and he made a call to the police station, and he brought me down and locked me up about the whisky, and I stayed in jail a while and got out on bond, and I went on back out to the place and the place had closed. I had worked there in the summer with my daddy-in-law, selling cold drinks, and he was selling out the place. I saw that the stock was getting low, and the ice box was broke down. I had just come in and he had gone down to the corner, and that was the only business I had in the place, just come in to borrow some money from him. That is all I have to say."
In rebuttal of the defendant's statement, one of the officers testified that while the officers were there the defendant made no statement as to what he was doing there. He did not claim that he "was just at his father-in-law's place of business sitting there while he went down to the toilet." He gave no information as to whom he was working for. He gave no information as to how long he had been there.
It is contended that the evidence as set out somewhat in detail hereinbefore was insufficient in law to support a verdict of guilty. It is argued that the evidence, being wholly circumstantial, did not exclude every reasonable hypothesis save that of the guilt of the accused. It appears that the judge charged the jury fully and clearly the principle of law applicable to circumstantial evidence. The evidence was sufficient as a matter of law to sustain the verdict. The judge did not err in overruling the certiorari.
Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.