### 30614. CANNON *v.* THE STATE.

DECIDED NOVEMBER 18, 1944.

758

R. B. Giles, for plaintiff in error.

Lindley W. Camp, solicitor, John A. Boykin, solicitor-general,. Durwood T. Pye, contra.

BROYLES, C. J. (After stating the foregoing facts.) After the· disposal of counts 2 and 3, the only charge before the court and jury was that the defendant had sold distilled spirits and alcohol as a retail dealer, without first obtaining a license from the State Revenue Commissioner. The evidence adduced to show the guilt. of the accused on count 1 was wholly circumstantial, and was in-- sufficient to exclude every reasonable hypothesis except that of his. guilt, and it failed to show beyond a reasonable doubt that he had sold distilled spirits or alcohol. The cases of Thomas v. State, 65. Ga. App. 749 (16 S. E. 2d, 447), and Martin v. State, 68 Ga. App. 169 (22 S. E. 2d, 193), cited in behalf of the defendant in error, are distinguished by their facts from this case. The verdict was· contrary to law and the evidence; and the overruling of the cer- tiorari was error. Judgment reversed. MacIntyre, J., concurs.

GARDNER, J., concurring specially: Under the record the judg- ment should be reversed for another reason. Since the jury, based on the same evidence, found the defendant not guilty on count 2 for possessing liquors, and a verdict finding him guilty on count 1 for selling intoxicating liquors, the verdicts are repugnant and void as being inconsistent verdicts by the same jury based on the same 'evidence. Britt v. State, 36 Ga. App. 668 (137 S. E. 791), and cit.; Kuck v. State, 149 Ga. 191 (99 S. E. 622). I concur in the reversal for this additional reason.