17625. WOODS *v.* THE STATE.

The verdict of guilty on the indictment for selling intoxicating liquor was not illegal or repugnant to the verdict of not guilty on the indictment for possessing such liquor, under which the accused, by his consent, was tried at the same time.

DECIDED NOVEMBER 9, 1926.

Selling intoxicating liquor; from Floyd superior court—Judge Maddox. August 2, 1926.

*M. B. Eubanks,* for plaintiff in error.

*James F. Kelly,* solicitor, *M. Neil Andrews,* contra.

BROYLES, C. J. The defendant, by consent, was tried at the same time on two separate indictments returned on the same date. One indictment charged him with selling intoxicating liquors on July 10, 1926. The other indictment charged him with having alcoholic liquors in his possession on May 10, 1926. Only two witnesses testified. One of them swore that in July, "this month" (the trial was had on July 28, 1926), he bought a pint of whisky from the defendant at his store and paid him $1.25 for it. The other witness testified that "some time last December," and at another time, he saw the defendant have a small amount of whisky in coca-cola or beer bottles at his store. Both cases were tried together and separate verdicts were returned, the jury returning a verdict of guilty in the "selling" case, and a verdict of not guilty in the "possessing" case.

The verdict of guilty in the "selling" case was not illegal, null and void, or repugnant to the verdict of not guilty in the other

Criminal Law, 16 C. J. p. 1180, n. 74; 17 C. J. p. 255, n. 54; p. 363, n. 23.

case. See, in this connection, *Phillips* v. *State*, 27 *Ga. App.* 1 (107 S. E. 343).

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*