### 34362. FINCH *v.* THE STATE.

DECIDED JANUARY 17, 1953.

*Cohen Anderson,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

GARDNER, P. J. The case is in this court upon exception to the order overruling the defendant's motion for new trial, which was on the general grounds only. It is contended that the court erred in overruling such motion for the reason that the two verdicts returned by the jury are repugnant and inconsistent, in that under the facts appearing the defendant could not legally be adjudged guilty of manufacturing and making whisky which was not in his possession and control; and that, the jury, having found that this defendant did not have possession and control of the liquor discovered by the officers at this still when they made the raid on March 6, 1952, could not consistently under the same evidence find him guilty of making such whisky. That the evidence otherwise supports a verdict that the defendant owned the still and was assisting in the manufacture of whisky at the still when the officers arrived, finding the still in operation and the defendant and others at the still and a small quantity of whisky already manufactured, is practically conceded

by counsel for the defendant (plaintiff in error here) in their brief, which states as follows:

"The evidence shows that on March 6, 1952, plaintiff in error, C. T. Finch, J. W. Dickerson, and a colored boy were found present at a still site in Jenkins County, Georgia. The evidence as introduced by the State shows that plaintiff in error was assisting the others in the manufacturing of the whisky and at the time the officers raided the still, and a small amount of unstamped whisky had been distilled. The testimony of Edgar Hart (one of the raiding officers) shows that the plaintiff in error admitted that the whisky still belonged to them all." The defendant by his evidence and statement contended that he was fishing and went by the still to go home with the others, and that he did not own the still or the whisky, or have any interest therein.

It will be seen, therefore, that the evidence supports a verdict that the defendant is guilty of manufacturing liquor. However, the defendant contends strenuously that the verdict against him is contrary to law and the evidence for the reason that he was being tried under two indictments, both being based on the raid on the still, one for possession of whisky, and the other for making such whisky, and the evidence showed that there was some whisky at the still and that the defendant was a part owner of the still and assisting in making the whisky. The defendant contends that the two verdicts—one finding him not guilty of possession and control of the whisky and the other finding him guilty of making it,—are inconsistent and repugnant the one to the other. The defendant says he could not have been guilty of making this whisky without having been guilty of possessing it.

The defendant does not occupy the status of one who was working at the still, as was the colored boy, carrying wood to fire the still or similar work. Such a one could be guilty of assisting in the making of liquor and yet not own or control the liquor.

How could the defendant, under the facts in this record, have been guilty of making and manufacturing liquor he did not possess and control? Under the facts appearing here, in order to manufacture this whisky it was necessary that the defendant control and possess such whisky.

In *Kuck* v. *State*, 149 *Ga.* 191 (99 S. E. 622), it was ruled: "Where a person is accused in one count on a charge of misdemeanor, alleging that on May 18, 1918, the defendant did sell spirituous liquors, etc., and in another count of the same accusation it is alleged that the defendant on the same day did have, control and possess spirituous liquors, etc., and the same evidence is relied on to convict under both counts, a verdict finding the defendant guilty on the first count and not guilty on the second is void for repugnancy." Here there were two indictments, but they were tried on one case, the evidence being the same, and both charges growing out of this raid on the still, and the two offenses occurring the same day.

One cannot be legally convicted of selling the same liquor which he has been found not guilty of possessing. Such a conviction is void for uncertainty. The offense of selling liquor, which within the meaning of the prohibition statutes contemplates delivery as the culminating feature of sale, could not be committed without having control or possession of the liquor. See *Phillips* v. *State*, 27 *Ga. App.* 1, 3 (107 S. E. 343), citing *Kuck* v. *State*, supra. Nothing to the contrary was ruled in *Woods* v. *State*, 36 *Ga. App.* 126 (135 S. E. 519), and the court there properly held: "The verdict of guilty on the indictment for selling intoxicating liquor was not illegal or repugnant to the verdict of not guilty on the indictment for possessing such liquor under which the accused, by his consent, was tried at the same time." These two indictments involved separate offenses. One charged the defendant with having liquor in his possession on May 10, 1926. The other indictment charged him with selling liquor on July 10, 1926. The two transactions were separate and distinct. We have no such situation here. The two transactions were the same. Out of the one transaction the two offenses arose. The same evidence is relied on for each. The question is, can the owner of a still, where the officers find whisky at the still and the still in operation with the defendant helping, be found not guilty of possessing the liquor but guilty of making it? If he owned the still and was helping as owner and the whisky was there, it was his whisky. If he was guilty of making the liquor, he would be guilty of possessing it.

This is recognized in *Morgan* v. *State*, 28 *Ga. App.* 358 (111 S. E. 72), relied upon by the State, where the court held that, under some circumstances, a person could be guilty of manufacturing intoxicating liquors without having such liquors in his possession or control.

It is our opinion that the verdicts here were inconsistent, and therefore contrary to law, and that a new trial should have been granted.

*Judgment reversed.   Townsend and Carlisle, JJ., concur.*